**L. H. CRAIG and Oliver H. Dale, Plaintiffs-Appellees,**

v.

**Frank COLLINS, alias Cecil T. Collins, Defendant-Appellant.**

Court of Appeals of Tennessee,
Middle Section.*

Dec. 6, 1974.

---

* No petition for certiorari was filed, however this opinion has been submitted to and approved for publication by the Supreme Court of Tennessee.

Lucien Dale, Nashville, for plaintiffs-appellees.

Dan Garfinkle and George Fariss, Nashville, for defendant-appellant.

TODD, Judge.

## OPINION

In this action of unlawful detainer, the defendant, Frank Collins, has appealed from a jury verdict and judgment against him and in favor of the plaintiffs, L. H. Craig and Oliver H. Dale, for rent of $1,625.00 and attorney's fees of $1,000.00.

The cause arose in General Sessions Court upon writ of unlawful detainer, upon which the General Sessions Judge rendered judgment for possession, but no rent.

The cause was transferred to Circuit Court by a petition for writ of certiorari and supersedeas. The final judgment of the Circuit Court recites:

"This cause came on to be heard on the 14th day of March, 1974, before the Hon-

orable Lewis B. Hollabaugh, Special Judge of the Second Circuit Court of Davidson county, Tennessee and the jury of good and lawful men and women, having been respited from the previous days, to wit: March 12, 1974, and March 13, 1974, who, having heard the testimony of the witnesses and evidence offered in open Court, the argument of counsel and the charge of the Court, thereupon retired to consider their verdict, and after considering said cause returned into open Court and said that they found the issues joined in favor of the Plaintiffs, L. H. Craig and Oliver H. Dale, and against the Defendant, Frank Collins, alias Cecil T. Collins, and that the Plaintiffs were entitled to have and recover from the Defendant the amount of One Thousand Six Hundred Twenty-five Dollars ($1,625.00) for rent and the amount of One Thousand Dollars ($1,000.00) for attorney's fees.

"IT IS THEREFORE, ORDERED AND ADJUDGED by the Court that L. H. Craig and Oliver H. Dale be and hereby are restored to the possession of a certain property known as 3127 Dickerson Road, Star Tavern, for which a Writ of Possession may issue, and that they have and recover from the Defendant, Frank Collins, alias Cecil T. Collins, the amount of Two Thousand Six Hundred Twenty-five Dollars ($2,625.00), of which amount his surety, Doris Brent, Brent Bonding Company, shall be liable not to exceed One Thousand Five Hundred Dollars ($1,500.00), plus the costs of this cause, for all of which execution may issue if necessary."

The first assignment of error is as follows:

"THE COURT ERRED IN ENTERING JUDGMENT FOR PLAINTIFF FOR DAMAGES FOR RENT WHEN THERE WAS NO AVERMENT OF DAMAGES IN THE PLEADINGS, THE ACTION BEING ONE FOR DETAINER AND POSSESSION AND ATTORNEY FEES ONLY."

Appellant cites *Poster v. Andrews*, 182 Tenn. 671, 189 S.W.2d 580 (1945), however that case originated in Circuit Court where formal, written pleadings are required. *Loftis v. Dearing*, 184 Tenn. 474, 201 S.W.2d 655 (1947), cited by appellant, originated in Chancery Court where formal, written pleadings are required. Neither of said cases was in unlawful detainer.

■ Pleadings before a justice of the peace (general sessions court), or in suits originating before them and carried to a higher tribunal, are ore tenus, except in cases where the plea is required to be under oath. *Spencer v. Dixie Finance Co.*, 205 Tenn. 485, 327 S.W.2d 301 (1959), *Shay v. Harper*, 202 Tenn. 141, 303 S.W.2d 335 (1957); *Neville v. Northcutt*, 47 Tenn. (7 Cold.) 294 (1869); *Wilson v. White*, 20 Tenn. App. 604, 102 S.W.2d 531 (1937), *Seaboard Sec. Co. v. Hammer*, 10 Tenn.App. 527 (1927).

There is, of course, no record of the oral pleadings made to the General Sessions Court.

As to the oral pleadings made to the Circuit Court, the bill of exceptions recites only that:

"Whereupon Mr. Lucien Dale makes an opening statement and Mr. George Fariss states the defendant's answer to the pleadings."

■ This Court is therefore without any source of information as to what, if any, oral pleadings were presented in Circuit Court, and must presume that sufficient oral pleadings were presented to justify the resulting verdict and judgment.

Appellant nevertheless insists that no verdict or judgment could be rendered for rent where the original civil warrant did

not demand rent. The original General Sessions Warrant consists of a printed form with blanks filled in by typewriter. It reads as follows:

### DETAINER WARRANT

STATE OF TENNESSEE COUNTY OF DAVIDSON.  To the Sheriff or any Constable of said County:

WHEREAS, complaint is made to me by L. H. Craig and Oliver H. Dale of a certain unlawful detainer made by Frank Collins, alias Cecil T. Collins in a certain property known as 3127 Dickerson Road situated Or 3125 Dickerson Road Operated as Starr Tavern in the County aforesaid and bounded or known and described as follows:

100 feet of property bordering on the Mobile Service Station south boundary

Which land the said L. H. Craig and Oliver H. Dale alleges they are entitled to the possession of, and Frank Collins unlawfully detains from them.

We therefore, command you to summon Frank Collins, alias Cecil T. Collins to appear before the Court of General Sessions of Davidson County, Tennessee, to be held at the courtrooms of said County in said County on the 10th day of December, 1973, at 9:00 o'clock A.M., to answer the above complaint and claim for rents by plaintiff(s) in the sum of Three thousand and No/100 Dollars --------($3,000.00) Dollars, and the costs of this cause, and a reasonable attorney's fee.

This, the 3rd day of December, 1973.

GEORGE L. ROOKER
Clerk of Court of General Sessions

By /s/ Nora M. Bingham
Deputy Clerk

---

The typed words and figures, "Three thousand and No/100 Dollars ($3,000.00)," appear to have been partially obliterated by blue pencil or ink, however they are clearly legible. When or by whom or why this alteration was made does not appear from this record.

§ 23–1612, T.C.A. prescribes a form of detainer writ which does not contain any demand for rents or damages. § 23–1614 provides that any defect in the writ "may be amended as other process and *pleadings* in court." § 23–1627 provides as follows:

"*23–1627. Monetary judgments for plaintiff.*—In all cases of forcible entry and detainer, forcible detainer, and unlawful detainer, the justice of the peace trying the cause shall be authorized and it shall be his duty, if his judgment shall be that the plaintiff recover the possession, to ascertain the arrearage of rent, and interest, and damages, if any, and render judgment therefor. [Acts 1903, ch. 42, § 1; Shan., § 5106a1; Code 1932, § 9261.]"

§ 23–1633, T.C.A. provides:

"*23–1633. Monetary judgment in circuit court.*—If the defendant obtain certiorari, and, upon trial in the circuit court, the jury find that the plaintiff is entitled to the possession of the land, they shall also ascertain the value of the rents during the time the plaintiff has been kept out of possession, and such other damages as the plaintiff is entitled to, and the court shall give judgment against the defendant and his sureties for the amount."

It appears from the evidence that the major part of the rent which was allowed by the jury was that which accrued during the pendency of certiorari from General Sessions to Circuit Court. This further supports the propriety of allowance of rent even though rents might not have been demanded in the original General Sessions Warrant.

■ The clear intent of the statute appears to be that the gravamen of a detainer suit is the wrongful detaining of realty, and that the ascertainment of the damages for detention, rents or otherwise, is a statutory incident to the proceeding. It is therefore not necessary for a plaintiff to demand damages in the detainer warrant in order to authorize a judgment for the same. See *Bloch v. Busch*, 160 Tenn. 21, 22 S.W.2d 242 (1929).

The first assignment of error is respectfully overruled.

The second assignment of error is as follows:

"THE VERDICT OF THE JURY WAS ERRONEOUS SINCE THE JURY DID NOT AWARD POSSESSION OF THE PROPERTY AND THE TRIAL COURT ERRED IN ENTERING JUDGMENT ON THE VERDICT."

The charge to the jury concluded as follows:

"If after considering all the facts in this case and applying the law that the court has charged, you find for the defendant, your verdict should be, 'We find for the defendant,' and you need go no further. But *if you find* for the plaintiff and find *that the plaintiff is entitled to possession of the land*, then you should go further and ascertain the amount of any past due rent together with the value of the rent during the time that the plaintiff has been kept out of possession, if any. You should also determine whether the plaintiff is entitled to any penalty under the lease agreement, and how

much. You should also go further and ascertain the amount, if any, of other damages suffered by the plaintiff as a result of the unlawful detention, together with any attorney fees you may find due if any." (Emphasis supplied)

The foreman reported the following verdict:

"FORMAN: We are unanimous in our decision and we feel the plaintiff should be awarded rental of $325 for five months, or $1625, and a lawyer's fee that would be fair of $1,000, making a total of $2,625. That is our verdict."

The judgment entered upon said verdict quoted supra, states:

"It is therefore ordered . . . that (plaintiffs) be . . . restored to the possession of (described property) for which a writ of possession may issue."

Appellant insists that an award of possession cannot be implied but must be expressly stated by the trier of fact, citing T.C.A. 23–1625. Said statute does not support this insistence.

No Tennessee authority has been found upon the question, however 5B C.J.S. Appeal and Error § 1794c, p. 83, states:

"Although the judgment is in part without support in the verdict or findings, if it is, in such particular, the only judgment possible under the evidence, it will not be disturbed; and a judgment which is demanded by the special issues will be sustained although it is not expressed in the usual and proper manner for a judgment on special issues or rests *in part on implication*, as will a judgment which goes beyond the findings but is supported by testimony under which the court may make the additional findings upon which it rests." (Emphasis supplied)

■ Under the charge, quoted supra, the jury was required to find that the plaintiff was entitled to the possession of the land as

a necessary prerequisite to the award of rents and/or damages. Therefore, the verdict for rent and attorney's fee contained the inherent, necessary, and implicit finding that plaintiff was entitled to possession.

It would have been better practice for the Trial Judge to have required an express verdict for possession. However, this Court is satisfied that the award of possession was implicit in the verdict which was reported, and that the Trial Judge committed no error in entering judgment accordingly.

The second assignment of error is respectfully overruled.

The third assignment of error is as follows:

"THE JUDGMENT OF THE COURT AND VERDICT OF THE JURY WERE NOT SUPPORTED BY THE PROOF."

In support of this assignment, defendant insists that there was no evidence of proper demand or waiver of demand of the rent due, citing *Smith v. Holt*, 29 Tenn.App. 31, 193 S.W.2d 100 (1945). The cited case was based upon an indefinite tenancy from month to month without an express lease. This Court held that, absent a lease provision for forfeiture, non-payment of rent does not effect a forfeiture, and that a tenancy of indefinite duration from month to month requires a full month's notice for termination.

Said opinion held that the statute, T.C.A. § 23–1613, does not dispense with the necessary notice to terminate *such a tenancy.*

■ No authority is found in *Smith v. Holt* to require demand of rent in any particular manner.

The next insistence of appellant is as follows:

"2. There was a continual waiver of lease provisions in regard to food and rent with no notice to defendant that strict compliance would be required by a certain date. (B.E. 55, 56)."

Plaintiffs terminated the lease and sought possession on two grounds, to wit, (1) failure to maintain restaurant facilities on the premises as required by the lease and (2) subletting the premises in violation of the lease.

The lease provides in part as follows:

"This property must be operated as a Restaurant and failure to maintain a simple menu will become a breach of the contract and property will be vacated. Such menu must offer three alternatives, such as Hamburger Sandwich, Hamburger Plate with Potatoes, Sausage and eggs or suitable substitute for any item. Should injunction be necessary rent is to continue until the property is peacefully vacated.

.    .    .    .    .

"It is further understood and agreed that the said Lessee cannot rerent or subrent said premises or any part thereof, to any person or persons whatever, or to make any change or alterations in said buildings, without the consent of the Lessors in writing. And in case of the failure to pay any of the rent notes, or any part thereof, as they respectively fall due, or to give notes according to the terms and stipulations of a clause inserted in this lease for that purpose, or on failure to comply with any of the conditions herein named, the Lessors may continue the lease and recover damages for failure, or may elect, within 15 days after discovery of such failure, to enter and take possession of said premises for said breach, .    .    . .''

■ There is adequate evidence in the record that the lease was violated in both of the above-stated respects in that defendant consistently failed to provide the required menu and did in fact place others in the premises to operate a business in their own name and behalf. The plaintiffs owned an adjoining motel which required an adequate restaurant for its patrons, and the failure to

provide a satisfactory menu discouraged patronage of the motel.

■ The provision of the lease that the lessor "may elect within 15 days after discovery of said failure . . ." may be interpreted to imply waiver of forfeiture by failure to declare a forfeiture for a particular violation within 15 days after discovery of same. If such a waiver is implied by said words, it would not apply to a succession of violations or to continued violations from day to day or month to month. There is no evidence in the record as to the exact date on which subletting was discovered by the lessor; ergo no basis for finding a waiver by failure to act within 15 days thereafter.

The record does not support the premise that any violation was waived. Indeed, plaintiffs had been seeking to resume possession and defendant had been promising to relinquish possession for some time prior to the institution of the present action.

It is significant that defendant offered no evidence at the trial, hence all issues of fact were determined by the testimony of plaintiffs' witnesses.

■ Since there is competent evidence in the record to support the verdict, it must be sustained. On appeal from jury verdicts, the appellate courts do not weigh the evidence; and, if some material and substantial evidence supports the verdict, it must be affirmed. *Sullivan v. Morrow*, Tenn. App., 504 S.W.2d 767 (1973); *Scarbrough v. City of Lewisburg*, Tenn.App., 504 S.W.2d 377 (1973) and authorities cited therein.

The third and last assignment of error is respectfully overruled.

Defendant makes no issue as to the amount of rent or attorney fee allowed by the jury. The lease provided for payment of reasonable attorney fees.

The judgment of the Trial Court is affirmed. The costs of this appeal are taxed against appellant and his surety.

Affirmed.

SHRIVER, P. J., concurs.

ADAMS, Special Judge, concurs.