Archie Neil SPAIN, Plaintiff–Appellee,

v.

Donald CONNOLLY,
Defendant–Appellant.

Court of Appeals of Tennessee,
Middle Section.

July 25, 1980.

Certiorari Denied by Supreme Court
Oct. 6, 1980.

Joe Binkley, Jr., Nashville, for plaintiff–appellee.

Joseph Lackey, Sr., Nashville, for defendant–appellant.

## OPINION

TODD, Judge.

The defendant, Donald Connolly, has appealed from a non–jury judgment in favor of Archie Neil Spain for $500 compensatory and $500 punitive damages for defamation.

The suit originated in General Sessions Court where the civil warrant sought damages for:

libel and slander per se as a result of statements made on/or about December 23, 1977, by the defendant Donald Connolly that the plaintiff Archie Neil Spain, a Metropolitan Police Officer, had offered to tear up a ticket for violation of the muffler law which had just been issued to the defendant Donald Connolly, and that the defendant would pay the plaintiff Five ($5.00) Dollars. After a full scale investigation by the internal affairs section of the Metropolitan Police Department, defendant admitted that his charges against the plaintiff for bribery were false. The defendant's statements were made maliciously, and have proximately caused damages to the plaintiff's reputation, and plaintiff sues the defendant in the amount of $5,000.00.

Plaintiff amends warrant to state: defendant's published slander per se is as follows: "If you give me $5.00 we will forget about this ticket now."

The judgment of the General Sessions Court was appealed to the Circuit Court where the above results were reached.

■ The first issue presented by defendant–appellant is as follows:

Whether the charge of slander or libel contained in the sue warrant (declaration) sufficiently stated a cause of action against the defendant based in slander or libel?

The General Sessions warrant and amendment thereto, quoted above, certainly leave considerable clarity, specificity and completeness to be desired. However, the posture of the case and the condition of the record prevent a reversal on this ground.

In *Craig v. Collins*, Tenn.App. 1974, 524 S.W.2d 947, there was a complaint that the General Sessions Civil Warrant in unlawful detainer contained no averment of damages. This Court affirmed the Circuit Court judgment including damages and said:

■ Pleadings before a justice of the peace (general sessions court), or in suits originating before them and carried to a higher tribunal, are ore tenus, except in cases where the plea is required to be under oath. *Spencer v. Dixie Finance Co.*, 205 Tenn. 485, 327 S.W.2d 301 (1959), *Shay v. Harper*, 202 Tenn. 141, 303 S.W.2d 335 (1957); *Neville v. Northcutt*, 47 Tenn. (7 Cold.) 294 (1869); *Wilson v. White*, 20 Tenn.App. 604, 102 S.W.2d 531 (1937), *Seaboard Sec. Co. v. Hammer*, 10 Tenn.App. 527 (1927).

There is, of course, no record of the oral pleadings made to the General Sessions Court.

As to the oral pleadings made to the Circuit Court, the bill of exceptions recites only that:

"Whereupon Mr. Lucien Dale makes an opening statement and Mr. George Fariss states the defendant's answer to the pleadings."

■ This Court is therefore without any source of information as to what, if any, oral pleadings were presented in Circuit Court, and must presume that sufficient oral pleadings were presented to justify the resulting verdict and judgment. 524 S.W.2d at 949.

In the present case, the transcript recites the following:

*THE COURT*: All right. Now, tell me briefly what your lawsuit is about. (Whereupon, opening statements by both attorneys are not herein transcribed).

Thus, it is seen that this case presents a situation identical to that presented in *Craig v. Collins*. Absent a complete record of the statements of counsel to the Circuit Judge, it must be presumed that any deficiencies in the General Sessions Civil Warrant were supplied by the opening statements of counsel in response to the above quoted direction of the Circuit Judge.

The first issue presented by appellant is resolved adversely to appellant.

■ The second issue presented by appellant is as follows:

Whether the testimony of the defendant made in good faith at the request of an internal affairs police investigation relative to bribery charges can be used against him in a subsequent civil action for defamation?

The evidence shows that, on December 23, 1977, defendant was cited and summoned to Traffic Court by a "ticket" issued by plaintiff charging the operation of a vehicle on a public highway without a lawful muffler. On the following day, defendant reported to Captain Richard Ordway of the Metropolitan Police Department that plaintiff had offered to destroy the ticket for $5.00. On December 27, 1977, at the invitation of Captain Ordway, defendant and his mother attended a conference presided over by Captain Ordway and attended by plaintiff, Sergeant Eddings, defendant and his mother, at which time defendant stated that plaintiff had said to him, ". . . if you go to court, this ticket will cost you $5.00. If you don't want to go to court, you can pay me."

On or about January 3, 1978, defendant made a similar statement to Sergeant Hall in the security office of the Metropolitan Police Department, the statement was reduced to writing, and it was signed by defendant.

Thereafter, defendant made a similar statement to Lieutenant Ogg of the Internal Security Division of the Police Department. Appellant's brief refers to objections made and overruled as to the testimony of Lt. Ogg. The transcript records only a demand for the best evidence (i. e., the written record of the conversation being related by Lt. Ogg). There is no record of a claim of privilege as to the statement made to Lt. Ogg or the previous statements to Sgt. Hall and Captain Ordway.

Thereafter, the defendant agreed to take a polygraph test in the course of which he admitted that his previous statements were false.

Appellant argues that the Trial Judge committed error in admitting evidence which was inadmissible as privileged. Appellant makes no citation to any part of the record indicating that any evidence was admitted over an objection for privilege. No such ruling has been found in a search of the record. Moreover, there is no basis for claim of privilege as to admissibility of evidence.

■ Appellant also insists that the words attributed to him *were not actionable* because spoken in a privileged proceeding.

In *Lambdin Funeral Service, Inc. v. Griffith*, Tenn. 1978, 559 S.W.2d 791, there was a suit for libel and slander based upon a tort suit filed in Circuit Court and charges filed with the Tennessee Board of Funeral Directors and Embalmers. The Supreme Court affirmed the judgment of the Trial Court dismissing the libel and slander suit on grounds of judicial privilege and said:

> The "judicial proceeding" to which the immunity attaches has not been defined very exactly. It includes any hearing before a tribunal which performs a judicial junction, ex parte, or otherwise, and whether the hearing is public or not. It includes for example, lunacy, bankruptcy, or naturalization proceedings, and an election contest. It extends also to the proceedings of many administrative officers such as boards and commissions, so far as they have powers of discretion in applying the law to the facts which are regarded as judicial, or "quasi judicial." in character. 559 S.W.2d at 792.

There is no evidence in this record that any of the police officers to whom defendant made the alleged defamatory statements constituted a tribunal as described by the Supreme Court.

The proceedings in which appellant made his statements were preliminary and investigatory only. If the statements were made in a hearing before a Chief of Police who had authority to discipline the officer, or

before a civil service commission with power to review discipline imposed by the Chief, then the claim of privilege, or, more properly immunity, would be more appropriate. Immunity does not protect the statements made in the present case.

The second issue presented by appellant is resolved adversely to appellant.

The third issue presented by appellant is as follows:

> Whether the testimony in the trial below supports the verbatim charges contained in the summons as is required in defamation of character suits?

Appellant insists that the evidence does not show that the defamatory statement was actually made in the exact words stated in the civil warrant. As stated in the discussion of the first issue, it must be presumed that the opening statement of counsel in response to the inquiry of the Court contained an adequate and accurate account of the defamatory words attributed to the defendant. Absent a verbatim transcript of the opening statement, this Court has no means of determining whether the evidence conformed to the oral pleading.

The third issue is resolved adversely to the appellant.

The fourth, and last, issue presented by appellant is as follows:

> Whether the Court below was in error in not recusing himself from the proceeding, as the record reflects bias and prejudice toward the defendant to the extent that it was impossible for the defendant to receive a fair and impartial trial?

Appellant cites no point in the record wherein he moved for a mistrial and requested the Trial Judge to recuse himself.

■ Where a party has knowledge of facts which would justify a mistrial, it is his duty to bring such facts to the attention of the trial court immediately and he is not permitted to suppress such information until he has received an adverse decision. *Tinkle v. Dunivant*, 84 Tenn. (16 Lea) 503 (1886). That is to say, a party may not save an infirmity in the proceedings as an "ace in the hole" to be used in case of an adverse

decision or suppressed in event of a favorable decision. A mistrial must be demanded as soon as its grounds are known, otherwise, it is waived.

■ Moreover, the record does not disclose such prejudice on the part of the Trial Judge as would justify reversal of his decision. It is better practice for a Trial Judge, sitting without a jury, to maintain at least the appearance of impartiality throughout the trial and to reserve any indication of his opinion until his final decision is announced. However, in non jury cases, judges do express their impressions from time to time, and such expressions are sometimes useful to counsel in the future conduct of the case. The word *prejudice* implies an opinion held before the beginning of the trial. No such mental leaning is evident in the present case. Even though the judge is expected to have no bias at the beginning of the trial, he must, perforce, *develop* a bias at some point in the trial; for the decision at the conclusion of the trial is based upon the impressions, favorable or unfavorable, developed during the trial.

So it is that the statements of the Trial Judge during the trial, though not the best practice, were not and are not grounds for reversal. If this were a jury trial, the results would probably be otherwise, for a judge may not influence the jury by his view of the facts. Constitution of Tennessee, Art. 6, § 9.

The fourth issue is resolved adversely to the appellant.

Each of the issues tendered by appellant has been resolved adversely to him. No grounds for reversal are found.

The judgment of the Trial Court is affirmed. All costs, including costs of this appeal, are taxed against defendant–appellant. The cause is remanded to the Trial Court for collection of the judgment and costs, and for any other proceedings which may be necessary and proper.

Affirmed and remanded.

SHRIVER, P. J., and DROWOTA, J., concur.