IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 16, 2001 Session

## GLORIA G. NEUENSCHWANDER v. ROY P. NEUENSCHWANDER

**Direct Appeal from the Chancery Court for Knox County**
**No. 137426-1      Hon. William Dender, Judge**

**FILED DECEMBER 18, 2001**

**No. E2001-00306-COA-R3-CV**

---

Trial Judge refused to recuse, set amount of alimony, and established rental value of parties' property. On appeal we reverse the change in the amount of alimony by the Trial Court, but otherwise affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Reversed in Part, and Remanded.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Ricky A.W. Curtis, Knoxville, Tennessee, for Appellant.

Charles H. Child, Knoxville, Tennessee, for Appellee.

**OPINION**

In this divorce action, this is the second appeal, and results from the Trial Court's actions upon remand. The issues raised on appeal by the wife are:

1.      Whether the trial judge erred in refusing to recuse himself?

2.      Whether the trial court erred in changing the award of alimony?

3.      Whether the trial court erred in relying upon expert testimony which was speculative?

After this case was remanded, the husband filed a Petition for Modification asserting that this Court's Opinion simply held that the award of alimony should be in futuro in nature, and remanded the case to the Trial Court for a determination of the proper amount. The wife then filed a Motion for Recusal, stating that during a telephone conference between the Judge and the attorneys to set the time for the hearing, that the Trial Court's statements indicated that he had prejudged the issues, and was also critical of this Court's Opinion.

The Trial Court overruled a Motion for Recusal, conducted an evidentiary hearing, and ruled that the wife's alimony should be set at $2,000.00 per month. He ordered a refund to the husband of any amounts paid over the amount set during the pendency of the original appeal. The Court also established the fair market rental value of the home at $2,200.00 per month, and that the wife would be required to pay rental value of the home as long as she lived there, and that the same would be charged against her share of the equity when the home was sold, in accordance with the parties' agreement, which had been approved by the Court.

The law in Tennessee is well-settled that litigants are entitled to the "cold neutrality of an impartial court." *Kinard v. Kinard*, 986 S.W.2d 220, 227 (Tenn. Ct. App. 1998). Further, "if the public is to maintain confidence in the judiciary, cases must be tried by unprejudiced and unbiased judges." *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564 (Tenn. 2001). To warrant recusal, any bias or prejudice must come from an extrajudicial source, and must not be based upon what the judge sees or hears during the Trial. *Wilson v. Wilson*, 987 S.W.2d 555 (Tenn. Ct. App. 1998). Thus, it would appear that the Judge's comments about the wife, and prior comments regarding the amount of alimony, were simply his reaction to what he had seen and heard during the prior trial. As we have previously observed, "it is better practice for a Trial Judge, sitting without a jury, to maintain at least the appearance of impartiality throughout the trial and to reserve any indication of his opinion until his final decision is announced". *Spain v. Connolly*, 606 S.W.2d 540, 544 (Tenn. Ct. App. 1980). However, trial judges stray from this admonition, and sometimes comment on the evidence which is being or has been presented, but this generally does not warrant recusal. *Spain*. The fact that the Judge made comments before the remand hearing also does not warrant recusal, because the Judge had already conducted the first trial and heard all the evidence on the alimony issue. Thus, any comments regarding the alimony award made just prior to the remand hearing would not be a "prejudgment" of that issue. We find this issue to be without merit.

The central issue of this appeal is whether the Trial Court was empowered to alter the alimony award approved by this Court. The husband convinced the Trial Court that this Court merely held the award should be *in futuro* in nature, and then remanded the case for the Trial Court to determine the proper amount.

In our prior Opinion, we considered the wife's needs and the husband's ability to pay, and found that the alimony award was proper, based upon the evidence, and further we concluded that "the alimony award should be *in futuro*, rather than rehabilitative." Had this Court determined that a further hearing on the amount was required, we would have ordered the Trial Court to hear evidence on the proper amount of alimony to be awarded. Accordingly, the Trial Court was in error in conducting a further hearing on the issue of the amount of alimony awarded to the wife, and we reverse the Trial Court's ruling and reinstate the award of $3,000.00 per month made by this Court in the prior Opinion.

The wife argues that the Trial Court erred in relying on expert testimony which was too speculative to be of assistance regarding the fair market rental value of the marital residence. Tennessee Rules of Evidence 702 and 703 state that expert testimony should substantially assist the trier of fact in determining a fact in issue, and that the facts or data which the expert bases an opinion on should indicate trustworthiness. Wife argues that the testimony of the realtor presented by the husband, was too speculative to be of assistance. The witness stated that it would be hard to project the value back to February 1999, but that he could give a "close guess." Wife argues that this opinion was not within a "reasonable degree of certainty" as required by case law.

The Trial Court has broad discretion in issues involving the admissibility of evidence, and the Trial Court's ruling on these matters may be overturned only if this discretion was "arbitrarily exercised or abused." *Rumsey v. County of Humphreys*, 2000 WL 157473 at *6 (Tenn. 2000). As with any other valuation issue, the Trial Court's determination of the fair market rental value involves a question of fact, and as such comes to this Court with a presumption of correctness. Tenn. R. App. P. 13(d).

The witness testified that he had fifteen years' experience in managing residential rentals, that he had looked at the home, and that he had compared it with other current rental properties in the vicinity. He testified that historical data regarding rentals was not generally kept and would be difficult to obtain. He further testified that it would be difficult to project the value back to the trial date with absolute certainty, he was of the opinion that the rental values would be about the same because the market conditions had not changed very much. The Court accepted this testimony regarding the fair market rental value, and the record does not support the contention that the Trial Court's discretion in doing so was "arbitrarily exercised or abused." We find this issue to be without merit.[1]

---

[1]The Court erred in failing to consider the wife's testimony regarding the rental value of the home. Tenn. R. Evid. 701. *See also: Airline Const. Inc. v. Barr*, 807 S.W.2d 247 (Tenn. Ct. App. 1990). The wife's opinion was based upon her discussion with realtors, and the husband gave no basis for his opinion whatsoever. The Court accepted the evidence of the realtor as to the rental value, and the Court's ruling regarding the wife's testimony is harmless error. The evidence did not preponderate against his conclusion.

The Judgment of the Trial Court is affirmed in part, reversed in part, and the cause remanded, with the cost of the appeal assessed to Roy P. Neuenschwander.

_____

HERSCHEL PICKENS FRANKS, J.