IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 26, 2009 Session

## TOM R. SMITH v. THOMAS HARDING POTTER

**Direct Appeal from the Circuit Court for Davidson County**
**No. 06C-1056,  06C-1057    Barbara N. Haynes, Judge**

---

**No. M2008-01483-COA-R3-CV - Filed April 28, 2009**

---

Appellant and Appellee are both licensed attorneys practicing in the State of Tennessee. This appeal arises from Appellant's efforts to recover money owed by Appellee on two promissory notes. The trial court found that the promissory notes were executed in recognition of Appellee's debt under two lease agreements. The court concluded that the lease agreements called for fee-splitting between attorneys in violation of Rule 1.5(e) of the Rules of Professional Responsibility. We do not address the merits of the trial court's conclusion on this question. Instead, we find that no final judgment exists in this case.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Vacated, Appeal Dismissed**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Jay R. Slobey, Nashville, TN, for the Appellant Tom Smith

Pro Se, for the Appellee, Thomas Harding Potter

### MEMORANDUM OPINION[1]

Background

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Plaintiff/Appellant Tom Smith, a licensed attorney, filed two civil warrants in Davidson County General Sessions Court on February 28, 2006. Mr. Smith sought to recover money owed by Defendant/Appellee Thomas Potter, also a licensed attorney, on two promissory notes. The first civil warrant, Number 05GC23469 Amended, asked for a judgment on a promissory note executed by Mr. Potter on January 20, 1999. This promissory note provided, in its entirety, the following:

> For valuable consideration, the receipt of which is hereby acknowledged as received by me in Nashville, Davidson County, Tennessee, I, Thomas Harding Potter, promise to pay to the order of Tom R. Smith, the sum of Six Thousand Four Hundred Eighty Eight and 11/100 Dollars ($6,488.11) in legal tender of the United States, on demand. The unpaid balance due shall accrue interest at the rate of ten per cent (10%) annually beginning with the date of execution hereof until the balance is paid in full. Further, I, Thomas Harding Potter, agree to pay all costs of collection and a reasonable attorney's fee in the event of a suit to enforce collection of this note.
>
> It is further stipulated and agreed by the maker that this note is given as evidence of indebtedness, and not in lieu thereof, and that the giving, acceptance, or negotiation of same shall not in any manner change or alter the form, character of quality of the original debt.

The second civil warrant, Number 05GC23470 Amended, asked for a judgment on a second promissory note, also executed by Mr. Potter on January 20, 1999. This second note had the same terms as the first but the amount owed was $8,171.60.

The general sessions court held a hearing on the two warrants on April 12, 2006. At the hearing, Mr. Potter argued that the two promissory notes were void as against public policy. The notes, Mr. Potter contended, recognized a debt owed to Mr. Smith as rent payments under two lease agreements. These lease agreements, although not mentioned in either the civil warrants or the promissory notes, became the central issue at the general sessions hearing and require further explanation.

Shortly after obtaining his law license, Mr. Potter prepared to enter the private practice of law in Nashville, Tennessee. In 1995, Mr. Smith offered to rent a room in his own law office to Mr. Potter. On September 18, 1995, the two entered their first rental agreement, which included the following provision on the payment of rent:

> Potter shall rent from Smith, and Smith shall rent to Potter, office space at premises beginning September 18, 1995, to September 18, 1997. The rental amount due and payable from Potter to Smith shall be in the amount of Thirty-Five Per Cent (35%) of any and all of the gross amount of fees which Potter becomes entitled to receive in any form for any and all legal matters from any and all clients who Potter agrees to represent during the period Potter rents from Smith.

As Mr. Potter began to earn more income, the two entered a second rental agreement, which altered the monthly rate of rent:

> Potter shall rent from Smith, and Smith shall rent to Potter, office space at premises beginning June 1, 1996, to June 1, 1998. The rental amount due and payable from Potter to Smith shall be in the amount of Thirty Per Cent (30%) of any and all of the gross amount of fees which Potter becomes entitled to receive in any form for any and all legal matters from any and all clients who Potter agrees to represent during the period Potter rents from Smith.

Finally, on September 1, 1998, they entered their third rental agreement which required Mr. Potter to pay a fixed amount of $1,650 per month as rent. After falling behind in his rent payments, Mr. Potter agreed to execute the promissory notes which formed the basis of the action in general sessions court.

Mr. Potter argued, and the general sessions court agreed, that the first two lease agreements called for fee-splitting between attorneys. Because fee-splitting between attorneys is prohibited by Rule 1.5(e) of the Rules of Professional Conduct, the general sessions court found that the lease agreements (and by extension, the promissory notes) were void. When dismissing the two civil warrants, however, the court entered a judgment for Mr. Smith in the amount of $8,250 for rent owing on the third lease. Mr. Smith had not brought an action on the third lease so the general sessions judge entered the judgment on Mr. Smith's first civil warrant, Number 05GC23469 Amended.

Mr. Smith filed an appeal of the ruling on both civil warrants to the Davidson County Circuit Court, where the two cases were consolidated. On June 30, 2006, Mr. Smith filed a complaint asking for a judgment on the two promissory notes in the amount of $20,047.64. The complaint did not mention any of the three lease agreements. In his answer, Mr. Potter again asserted that the two demand notes were void as against public policy and the Rules of Professional Responsibility. Mr. Potter also asserted that the complaint failed to state a claim for which relief can be granted.

On October 11, 2006, Mr. Smith filed an amended complaint which added facts relating to the three lease agreements. The amended complaint also stated two additional causes of action:

> 11. In the alternative, plaintiff sues in *quantum meruit* in that, assuming for argument, but without admission that because of inartful drafting of the first two (2) lease agreements, this Court should find them void, that plaintiff Smith be allowed to recover for the value of the use of his property during the lease periods that Mr. Potter was using the Plaintiff's premises.
> 12. Further, in the alternative, Plaintiff sues for the reasonable rental value of his premises under the theory of unjust enrichment since the Defendant had the use of Plaintiff's premises for the period of the leases, and has failed to pay Plaintiff for that use.

After conducting limited discovery, both parties filed motions for summary judgment on the issue of the validity of the first two leases and the promissory notes. Mr. Smith's motion sought only a partial summary judgment because his amended complaint includes a cause of action for the third lease, for which he had received a judgment in general sessions court. Mr. Potter disagreed and pointed to a discovery response, in which Mr. Smith asserted that "the judgment was stayed pending the appeal [to circuit court]."

On January 10, 2008, the trial court entered an order granting Mr. Potter's motion for summary judgment. The trial court's order did not address the third lease agreement but did make findings on the first two lease agreements:

> The Plaintiff and Defendant, both independent attorneys, entered into two lease agreements, spanning a total of three years. The lease agreements required the Defendant to pay a percentage, 30% and 35% respectively, of his gross legal fees. The Defendant did not pay all of the rent due and signed two demand notes for, $8,171.60 and $6,488.11, the amount unpaid.

> The lease agreements between the Plaintiff and Defendant violated Rule 1.5.(e). There is no evidence that the Plaintiff and Defendant were partners or associates or regularly undertook joint representation.... Furthermore, the parties agree that written consent was never obtained. The lease agreement which required the Defendant to pay 30% and 35% of his legal fees to the Plaintiff, another attorney, violated the Rules of Professional Responsibility.

> The result of the violation of Rule 1.5(e) is that the lease agreements are not enforceable....The Plaintiff suggests that this ruling will result in an attorney being prohibited from renting space from another attorney without obtaining consent from each client. The Court does not believe this to be the case. Rule 1.5(e) prohibits the type of lease agreement at issue here, specifically paying a percentage of gross legal fees. Rule 1.5(e) would not prohibit an attorney from paying a fixed rent to another attorney.

Mr. Smith appealed the trial court's ruling to this Court.

In his appellate brief, Mr. Smith raises three issues for review, all of which relate to the trial court's ruling on the promissory notes and the first two lease agreements. Mr. Smith also asserts that the judgment entered on the third lease is not at issue on appeal. Mr. Potter asks this Court to affirm the trial court's ruling on the validity of the lease agreements. He also asserts that Mr. Smith forfeited the judgment on the third lease that he received in general sessions court.

Law and Analysis

Before addressing the presented issues, we must determine whether this Court has subject matter jurisdiction to adjudicate this appeal. Tenn. R. App. P. 13(b). Subject matter jurisdiction concerns the authority of the court to hear a matter and cannot be waived. *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996). The court may consider subject matter jurisdiction *sua sponte*. Tenn. R. App. P. 13(b); *Ruff v. State*, 978 S.W.2d 95, 98 (Tenn. 1998). The Tennessee Supreme Court has also held that "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). Rule 3(a) of the Tennessee Rules of Appellate Procedure limits the subject matter jurisdiction of appellate courts to final judgments:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

*Id*. If the trial court did not adjudicate all of the parties' claims, it did not enter a final judgment. Without a final judgment, this Court does not have subject matter jurisdiction.

The question here is whether there has been a proper adjudication of Mr. Smith's alleged claim for relief under the third lease agreement. In this case, Mr. Smith appealed the judgments entered on civil warrants Number 05GC23470 Amended and Number 05GC23469 Amended to the circuit court. His appeal only stated that he was appealing the judgment on both warrants. He did not specify whether he was appealing the judgment entered in his favor on civil warrant Number 05GC23469.

No formal pleadings or additional process are required in actions appealed from general sessions court to the circuit court. *Vinson v. Mills*, 530 S.W.2d 761, 765 (Tenn. 1975). Furthermore, the circuit court may consider claims related to statements made in a general sessions warrant even if they are not expressed specifically. *Spain v. Connolly*, 606 S.W.2d 540, 542 (Tenn. Ct. App. 1980); *Craig v. Collins*, 524 S.W.2d 947, 950-51 (Tenn. Ct. App. 1974). When a party appeals the judgment of a general sessions court, the circuit court "provides the parties an entirely new trial as if no other trial had occurred and as if the case had originated in circuit court." *Ware v. Meharry Med. Coll.*, 898 S.W.2d 181, 184 (Tenn. 1995). When hearing these appeals, circuit courts must consider the cases "with great indulgence and must not dismiss these cases because of informalities in the general sessions proceedings." *Id*. The statute governing appeals from general sessions court also clarifies the circuit court's role:

> No civil case, originating in a general sessions court and carried to a higher court, shall be dismissed by such court for any informality whatever, but shall be tried on

its merits; and the court shall allow all amendments in the form of action, the parties thereto, or the statement of the cause of action, necessary to reach the merits, upon such terms as may be deemed just and proper. The trial shall be de novo, including damages.

Tenn. Code Ann. § 16-15-729. This informality provides litigants significant latitude in modifying their claims or defenses on appeal from general sessions court.

In the present case, Mr. Smith has tested the parameters of this informality. He did not ask for relief under the third lease in general sessions court. Yet, apparently pursuant to an agreement between the parties he was awarded a judgment in the amount of $8250.00. In the circuit court, his statements about this alleged claim are contradictory and confusing. On appeal, his assertions on the matter are erroneous. The record in this case reveals that the parties themselves are not fully cognizant of Mr. Smith's claims. The circuit court, however, has not made a finding on whether Mr. Smith has stated a claim for relief for Mr. Potter's failure to pay rent under the third lease agreement. Without such a finding, the order granting summary judgment in favor of Mr. Potter is not a final judgment. *See* Tenn. R. Civ. P. 54.02. Therefore, this Court does not have subject matter jurisdiction to adjudicate this appeal.

In so ruling, we do not express an opinion as to whether Mr. Smith has in fact stated a claim for relief under the third lease agreement. Accordingly, this matter is dismissed for lack of a final judgment. Costs of this appeal are assessed to Appellant Tom Smith and his surety.

_____
J. STEVEN STAFFORD, J.