# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs August 12, 2019

## ANDERSON LUMBER COMPANY, INC. v. WILLIAM KINNEY, ET AL.

**Appeal from the Circuit Court for Blount County**
**No. E-24747 David Reed Duggan, Judge**

_____

## No. E2019-01427-COA-T10B-CV

_____

This is an interlocutory appeal as of right, pursuant to Rule 10B of the Rules of the Supreme Court of Tennessee, filed by William Kinney and Margaret Kinney ("Defendants"), seeking to recuse the trial judge. The case arises out of the indebtedness of Defendant's business, Kinney Custom Interiors, to the plaintiff, Anderson Lumber Company, Inc. ("Plaintiff"). Having reviewed the petition for recusal appeal filed by Defendants, and finding no error, we affirm.

### Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;
### Judgment of the Circuit Court Affirmed

RICHARD H. DINKINS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ARNOLD B. GOLDIN, J., joined.

William F. Kinney, Maryville, Tennessee, appellant, *pro se*.

Margaret E. Kinney, Maryville, Tennessee, appellant, *pro se*.

John T. McArthur, Maryville, Tennessee, for the appellee, Anderson Lumber Company, Inc.

## OPINION

This is the third motion for recusal appeal filed by the Defendants in this suit. The procedural history of this case was set out in this Court's Opinion affirming the Trial Court's denial of Defendants' first motion for recusal, which was filed in the proceedings below in 2016. *See Anderson Lumber Co., Inc. v. Kinney*, No. E2016-01640-COA-T10B-CV, 2016 WL 6248597, **1-3 (Tenn. Ct. App. Oct. 26, 2016).

After we issued our Opinion in case No. E2016-01640-COA-T10B-CV, Defendants filed a motion seeking to recuse the panel of judges who had considered the case No. E2016-01640-COA-T10B-CV. By Order entered on November 14, 2016, this Court denied the motion after finding that there was no basis under the Tennessee Constitution or the Tennessee Code of Judicial Conduct that would require recusal or disqualification of any of the panel members. Defendants then filed a motion for court review, which this Court denied by Order entered on December 9, 2016. Defendants then filed an appeal of our December 9, 2016 Order to the Tennessee Supreme Court, which was denied by Order entered on January 1l, 2017. The Supreme Court's January 11, 2017 Order found that "Judges McClarty, Clement, and Armstrong did not err in denying the motion for recusal as it pertained to each of them and that the Court of Appeals, Eastern Section, did not err in denying the appellants' motion for court review."

In February of 2018, Defendants filed a second recusal appeal again attempting to recuse the trial judge. In our Opinion entered on March 12, 2018, in case No. E2018-00322-COA-T10B-CV, this Court found no error in the Trial Court's denial of Defendant's Second Motion for Disqualification or Recusal.

Defendants filed the instant motion, their third Motion for Disqualification or Recusal, in this Court on August 9, 2019, again seeking recusal appeal pursuant to Rule 10B. In this motion, Defendants allege among other things, "that the defendants have experienced bias of an extreme and even punishing nature throughout the proceedings," and "have been denied our civil liberties and equal rights guaranteed and protected by the Tennessee Constitution . . . ."

ANALYSIS

We have determined in this case after a review of the petition and supporting documents submitted with the petition, that an answer, additional briefing, and oral argument are unnecessary to our disposition because the record provided by Defendants does not demonstrate error by the Trial Court Judge. As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of Rule 10B. *See* Tenn. Sup. Ct. R. 10B, § 2.05 ("If the appellate court, based upon its review of the Petition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court."); § 2.06 ("An accelerated interlocutory appeal shall be decided by the appellate court on an expedited basis. The appellate court's decision, in the court's discretion, may be made without oral argument.").

Defendants' motion for a recusal appeal is deficient because it does not show that the motion was presented to the Trial Court. The motion for recusal appeal does not have

attached an order from the Trial Court denying the motion to recuse. Rule 10B provides that a petition for recusal appeal "shall be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for a determination of the appeal." R. Sup. Ct. 10B § 2.03. This deficiency is important for several reasons, the first of which is that without an order from the Trial Court, we are unable to determine if the petition for recusal appeal was timely filed. "[R]ecusal motions must be filed promptly after the facts forming the basis for the motion become known, and the failure to assert them in a timely manner results in a waiver of a party's right to question a judge's impartiality." *Duke v. Duke*, 398 S.W.3d 665, 670 (Tenn. Ct. App. 2012) (quoting *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998)). Rule 10B provides that "a petition for recusal appeal shall be filed in the appropriate appellate court within twenty-one days of the trial court's entry of the order." R. Sup. Ct. 10B § 2.02. Furthermore, Rule 10B § 2.08 provides that "[t]he time periods for filing a petition for recusal appeal pursuant to section 2.02 . . . are jurisdictional and cannot be extended by the court." R. Sup. Ct. 10B § 2.08. Second, the failure to attach a copy of an order from the Trial Court denying the motion to recuse is important because "[i]n a Tennessee Supreme Court Rule 10B appeal, the only order we may review is the trial court's order that denies a motion to recuse. Pursuant to the rule, we may not review the correctness or merits of the trial court's other rulings . . . ." *Duke*, 398 S.W.3d at 668.

Despite these shortcomings, we will address this appeal, but "we caution litigants that 'while in this case we chose to proceed with our review despite the fact that the parties chose not to abide by the rules of th[e Tennessee Supreme] Court, we cannot say we will be so accommodating and choose to do the same in the future.'" *Neamtu v. Neamtu*, No. M2019-00409-COA-T10B-CV, 2019 WL 2849432, at *2 (Tenn. Ct. App. July 2, 2019), *no appl. perm. appeal filed* (quoting *Watson v. City of Jackson*, 448 S.W.3d 919, 928 (Tenn. Ct. App. 2014)).

We review a trial court's ruling on a motion for recusal under a *de novo* standard of review with no presumption of correctness. Tenn. Sup. Ct. R. 10B § 2.01. "The party seeking recusal bears the burden of proof, and 'any alleged bias must arise from extrajudicial sources and not from events or observations during litigation of a case.'" *Neamtu*, 2019 WL 2849432, at *2 (quoting *Williams by & through Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015), *no appl. perm. appeal filed*). As this Court explained in *Neamtu v. Neamtu*:

> The party seeking recusal bears the burden of proof. *Williams*, 2015 WL 2258172, at *5; *Cotham v. Cotham*, No. W2015-00521-COA-T10B-CV, 2015 WL 1517785, at *2 (Tenn. Ct. App. Mar. 30, 2015) (*no perm. app. filed*). "[A] party challenging the impartiality of a judge 'must come

3

forward with some evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned.'" *Duke*, 398 S.W.3d at 671 (quoting *Eldridge v. Eldridge*, 137 S.W.3d 1, 7-8 (Tenn. Ct. App. 2002)). When reviewing requests for recusal alleging bias, "it is important to keep in mind the fundamental protections that the rules of recusal are intended to provide." *In re A.J.*, No. M2014-02287-COA-R3-JV, 2015 WL 6438671, at \*6 (Tenn. Ct. App. Oct. 22, 2015), *perm. app. denied* (Tenn. Feb. 18, 2016). "**The law on judicial bias is intended 'to guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court had reached a prejudged conclusion because of interest, partiality, or favor.**'" *Id.* (quoting *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009)).

The terms "bias" and "prejudice" usually refer to a state of mind or attitude that works to predispose a judge for or against a party, but not every bias, partiality, or prejudice merits recusal. *Watson v. City of Jackson*, 448 S.W.3d 919, 929 (Tenn. Ct. App. 2014) (citing *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994)). "'**Even though the judge is expected to have no bias at the beginning of the trial, he must, perforce, develop a bias at some point in the trial; for the decision at the conclusion of the trial is based upon the impressions, favorable or unfavorable, developed during the trial.**'" *Id.* at 933 (quoting *Spain v. Connolly*, 606 S.W.2d 540, 544 (Tenn. Ct. App. 1980)). To merit disqualification, the prejudice must be of a personal character, directed at the litigant, and stem from an extrajudicial source resulting in an opinion on the merits on some basis other than what the judge learned from participation in the case. *Id.* at 929. "A trial judge's opinions of the parties or witnesses that are based on what he or she has seen at trial are not improper and 'generally do[ ] not warrant recusal.'" *Id.* at 933 (quoting *Neuenschwander v. Neuenschwander*, No. E2001-00306-COA-R3-CV, 2001 WL 1613880, at \*11 (Tenn. Ct. App. Dec. 18, 2001)).

*Neamtu*, 2019 WL 2849432, at \*\*2-3 (quoting *In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at \*2 (Tenn. Ct. App. Aug. 31, 2016), *no appl. perm. appeal filed.*) (emphasis in original).

As this Court explained at length in our opinion affirming the Trial Court's denial of Defendants' first Motion for Disqualification or Recusal, *see Kinney*, 2016 WL 6248597, at * 4, the Trial Court Judge in this case has no duty to recuse himself simply because Defendants are dissatisfied with the rulings that have been made in the case. As this Court explained in *Duke v. Duke*:

> "A trial judge's adverse rulings are not usually sufficient to establish bias." *State v. Cannon,* 254 S.W.3d 287, 308 (Tenn. 2008). "Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." *Alley v. State,* 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). "If the rule were otherwise, recusal would be required as a matter of course since trial courts necessarily rule against parties and witnesses in every case, and litigants could manipulate the impartiality issue for strategic advantage, which the courts frown upon." *Davis v. Liberty Mut. Ins. Co.,* 38 S.W.3d 560, 565 (Tenn. 2001).

*Duke,* 398 S.W.3d at 671.

"[A] judge should not decide to recuse unless a recusal is truly called for under the circumstances." *Rose v. Cookeville Reg'l Med. Ctr.,* No M2007-02368-COA-R3-CV, 2008 WL 2078056, *2 (Tenn. Ct. App. May 14, 2008), *no appl. perm. appeal filed*. This is true because "'[a] judge has as much of a duty not to recuse himself absent a factual basis for doing so as he does to step aside when recusal is warranted.'" *Id*. at *2 (quoting *Mass v. McClenahan*, No. 93 Civ. 3290 (JSM), 1995 WL 106106, *1 (S.D.N.Y. Mar. 9, 1995)). Recusal based upon an asserted appearance of bias or prejudice "is appropriate only if the facts provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." *Id*. at *2 (quoting *In Re United States*, 666 F.2d 690, 695 (1st Cir. 1981)).

In their motion for recusal appeal, Defendants have demonstrated no reason for recusal other than the fact that they are unhappy with a number of the rulings of the Trial Court. Such unhappiness is insufficient to justify recusal. Furthermore, Defendants have proven no facts supporting recusal. Rather, Defendants simply provide unsubstantiated argument, most of which concerns the merits of the underlying claim. Many of Defendants' allegations concern events and circumstances dealt with in our previous Opinions in this case, as discussed above.

Defendants have failed to produce "evidence that would prompt a reasonable, disinterested person to believe that the [Trial Court Judge's] impartiality might reasonably be questioned." *Neamtu*, 2019 WL 2849432, at *3 (quoting *In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *2 (Tenn. Ct. App. Aug. 31, 2016), *no appl. perm. appeal filed*). As such, we find no error. Defendants' motion to

5

recuse is DENIED.  The costs of this appeal are taxed to Defendants, for which execution may issue.  This case is remanded for further proceedings.

 

_____

RICHARD H. DINKINS, JUDGE