# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned January 13, 2014

## CYNTHIA SHERWOOD MCKENZIE V. JASON WAYNE MCKENZIE

**Appeal from the Circuit Court for Davidson County**
**No. 12D3542      Philip E. Smith, Judge**

---

### No. M2014-00010-COA-T10B-CV - Filed February 11, 2014

---

This is an appeal of the trial court's denial of a motion to recuse.  The motion was based upon allegations of bias against the party, who is also a licensed attorney representing herself in this matter.  Because we can find no evidence in the record of any bias that would require recusal, we affirm the trial court's denial of the motion.

**Tenn. R. App. P. 3 Appeal as of Right/Tenn. Sup. Ct. R. 10B; Judgment of the Circuit Court Affirmed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Cynthia Sherwood McKenzie, Nashville, Tennessee, Pro Se.

Lewis A. Williams, Nashville, Tennessee, for the appellee, Jason Wayne McKenzie.

## OPINION

The underlying case is a divorce action between parties who were married for two years and had no minor children.  During the course of the litigation, the wife was represented by several counsel, apparently sequentially, but at some point took over her own representation.  Ms. McKenzie, the wife, is an attorney licensed to practice in this state.

Ms. McKenzie filed a motion with the trial court asking that judge to recuse himself from the case.  She believed that he was biased against her because of some statements he made during various proceedings and because of some rulings.  The trial court denied the motion in an order addressing all grounds raised in the motion.  This appeal followed.  The record before us includes some orders entered by the trial court as well as transcripts of hearings relevant to the points raised in the appeal.

## I. APPEALS UNDER TENN. R. S. CT. 10B

Appeals from orders denying motions to recuse are governed by Tenn. S. Ct. R. 10B. Pursuant to Tenn. S. Ct. R. 10B, §2.01, parties are entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal. If this court, based on the petition and supporting documents, determines that no answer is needed, we may act summarily on the appeal. Tenn. S. Ct. R. 10B, §2.05. Otherwise, this court may order an answer and may also order further briefing by the parties. In addition, Tenn. S. Ct. R. 10B, §2.06 grants this court the discretion to decide the appeal without oral argument.

We have reviewed Ms. McKenzie's petition and supporting documents, determined that an answer and additional briefing are unnecessary, and elected to act summarily on the appeal. We also find oral argument unnecessary pursuant to Tenn. S. Ct. R. 10B, §2.06.

The **only** issue before this court in an appeal under Tenn. S. Ct. R. 10B is whether the trial court erred in denying the motion for recusal. *See Duke v. Duke*, 2012 WL 4513613 at *2 (Tenn. Ct. App. Oct. 2, 2012). We review the trial court's recusal decision under a de novo standard of review. Tenn. S. Ct. R. 10B, §2.06.[1] The merits of any other rulings may not be reviewed in a Rule 10B appeal. *Duke*, 2012 WL 4513613 at *2.

## II. JUDICIAL IMPARTIALITY

Ms. McKenzie's motion for recusal alleged as grounds that the trial judge is biased against her.

It is, of course, of primary importance that a litigant's case be decided by an impartial and unbiased court. *In re Hooker*, 340 S.W.3d 389, 394 (Tenn. 2011). As the Tennessee Supreme Court has said:

> . . . [O]ne of the core tenets of our jurisprudence is that litigants have a right to have their cases heard by fair and impartial judges. *Kinard v. Kinard*, 986 S.W.2d 220, 227 (Tenn. Ct. App. 1998) . . . . Accordingly, judges must

---

[1]Prior to the adoption of Tenn. S. Ct. R. 10B, appellate courts reviewed recusal decisions under an abuse of discretion standard. *State v. Hester*, 324 S.W.3d 1, 72-73 (Tenn. 2010); *Bailey v. Blount County Bd of Educ.,* 303 S.W.3d 216, 239-40 (Tenn. 2010); *State v. Hines*, 919 S.W.2d 573, 578 (Tenn. 1995) ("A motion for recusal based upon the alleged bias or prejudice of the trial judge addresses itself to the sound discretion of the trial court and will not be reversed on appeal unless clear abuse appears on the face of the record").

conduct themselves at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary and shall not be swayed by partisan interests, public clamor, or fear of criticism. Tenn. S. Ct. R. 10, Cannon 2(A), 3(B)(2).

*Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564 (Tenn. 2001). "If the public is to maintain confidence in the judiciary, it is required that cases be tried by unprejudiced and unbiased judges." *State v. Rimmer*, 250 S.W.3d 12, 37 (Tenn. 2008) (quoting *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)).

In addition, recusal motions require consideration of whether there may be an appearance of bias even though no actual bias exists. The public's confidence in the judiciary requires not only that the judge be impartial in fact, but also that the judge be perceived to be impartial. *Davis*, 38 S.W.3d at 564.

It is important "not only that justice be administered . . . but that [the public] shall have no sound reason for supposing that it is not administered." *Smith v. State*, 357 S.W.3d 322, 340 (Tenn. 2011) (quoting *In re Cameron*, 151 S.W. 64, 76 (Tenn. 1912)). In other words, "justice must satisfy the appearance of justice." *State v. Lynn*, 924 S.W.2d 892, 898 (Tenn. 1996) (quoting *Offutt v. United States*, 348 U.S. 11, 13 (1954)).

Accordingly, the question of recusal on the basis of bias frequently involves two different inquiries. The first is whether the judge has actual bias; the second is whether his or her "impartiality might reasonably be questioned," *i.e.*, whether there is an appearance of bias. Tenn. Sup. Ct. R. 10, Canon 2, R. 2.11(A); *Bean v. Bailey*, 280 S.W.3d 798, 805 (Tenn. 2009).

Since the appearance of bias is as injurious to the integrity of the judicial system as actual bias, the test for determining whether a judge's impartiality might reasonably be questioned is, and must be, an objective one. *In re Hooker,* 340 S.W.3d at 395; *Smith v. State*, 357 S.W.3d at 341; *Davis*, 38 S.W.3d at 565. The test for determining whether an appearance of impartiality exists is whether a "person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *In re Hooker*, 340 S.W.3d at 395 (citations omitted); *State v. Hester*, 324 S.W.3d 1, 73 (Tenn. 2010); *Bean*, 280 S.W.3d at 805.

Thus, even when a judge believes that he or she can hear a case fairly and impartially, the judge should grant a motion to recuse if "a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." Tenn. Sup.Ct. R. 10, R. 2.11(A); *Bean v. Bailey*, 280 S.W.3d at 805.

### III. RECUSAL FOR ALLEGED BIAS

In examining requests for recusals due to bias, it is important to keep in mind the fundamental protections that the rules on recusal are intended to provide. The law on judicial bias is intended "to guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court had reached a **prejudged** conclusion because of interest, partiality, or favor."[2] *Bean*, 280 S.W.3d at 803 (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)) (emphasis added); *see In re Hooker*, 340 S.W.3d at 395.

Ordinarily, the bias that could disqualify a judge in a particular case is specific to the judge in light of the parties, attorneys, or other factors in the case. Rule 2.11 of the Rules of Judicial Conduct, Tenn. Sup. Ct. R. 10, Canon 2, R. 2.11, provides:

> (A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:
>
> (1) The judge has a personal bias or prejudice concerning a party or party's lawyer, or personal knowledge of facts that are in dispute in the proceedings.

Rule 2.11(A) lists other specific situations which create questions regarding the judge's ability to be impartial, including defined relationships to the parties or counsel on the part of the judge or the judge's family. None of those situations is alleged to exist here.

Generally, the terms "bias" and "prejudice" refer to a state of mind or attitude that works to **predispose** a judge for or against a party. *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). However,

> [n]ot every bias, partiality, or prejudice merits recusal. To disqualify, prejudice must be of a personal character, directed at the litigant, "must stem from an **extrajudicial** source and result in an opinion on the merits on some basis **other than what the judge learned from participation** in the case."

---

[2] The Constitutional provision, Article VI, section 11 of the Tennessee Constitution, provides that "[n]o Judge of the Supreme or Inferior Courts shall preside on the trial of any cause in the event of which he may be interested . . . ."

*  *  *

> If the bias is based upon actual observance of witnesses and evidence given during the trial, the judge's prejudice does not disqualify the judge. However, if the bias is so pervasive that it is sufficient to deny the litigant a fair trial, it need not be extrajudicial.

*Id*. (emphasis added) (quotations and citations omitted); *see also Spain v. Connolly*, 606 S.W.2d 540, 544 (Tenn. Ct. App. 1980).

Generally, in order to justify recusal, any alleged bias must arise from extrajudicial sources and not from events or observations during litigation of a case. If the bias is alleged to stem from events occuring in the course of the litigation of the case, the party seeking recusal has a greater burden to show bias that would require recusal, *i.e.*, that the bias is so pervasive that it is sufficient to deny the litigant a fair trial.

Other jurisdictions follow a similar rule. Federal courts and some other state courts express the rule using a little different language, but with no substantive difference. Essentially, if the source of the alleged bias is not extrajudicial, a party moving for recusal must demonstrate "a deep-seated favoritism or antagonism that would make fair judgment impossible." *See, e.g.*, *United States v. Adams*, 722 F.3d 788, 838 (6th Cir. 2013); *Jenkins v. Kerry*, 928 F. Supp. 2d 122, 127 (D.D.C. 2013); *Albuquerque Bernalillo Cnty. Water Util. Authority v. New Mexico Public Regulation Comm'n*, 229 P.3d 494, 511 (N.M. 2010); *Teachers4Action v. Bloomberg*, 552 F. Supp. 2d 414, 415 (S.D. N.Y. 2008).

Ms. McKenzie has not alleged that there is any extrajudicial source of the bias she claims. Instead, her allegations stem entirely from actions, statements, and rulings made during or as a result of various hearings. Consequently, her request for recusal is subject to a higher burden than if it arose from extrajudicial sources. The alleged bias must be so pervasive that it denies a litigant a fair trial.

The evidence Ms. McKenzie cites as support for her allegations that the trial judge was biased against her fall into two general general categories: (1) failure to follow precedent and otherwise make incorrect rulings against her, and (2) statements made in court that Ms. McKenzie characterizes as "personal attacks" against her. We first examine the law applicable to these types of allegations.

## A. Adverse Rulings

Because the protections against bias are generally specific to an individual judge, and arise from a personal situation and a source outside the lawsuit, rulings made during a lawsuit are not enough to require recusal. Generally, allegations based on adverse rulings do not rise to the standard of bias required to support a request for recusal. *See, e.g.*, *Peterson v. Swarthout*, 214 P.3d 332, 339 (Alaska 2009); *Massey v Town of Branford*, 985 A.2d 335, 343 (Conn. App. 2009); *Jones v. State*, 841 So.2d 115, 137-38 (Miss. 2003); *Briggs v Clinton Cnty. Bank and Trust Co.*, 452 N.E.2d 989, 1006 (Ind. App. 1983).

The law in Tennessee is similarly well settled that "[a]dverse rulings by a trial court are not usually sufficient grounds to establish bias." *Keisling v. Keisling*, 92 S.W.3d 374, 380 (Tenn. 2002); *Alley v. State*, 882 S.W.2d at 821. The reason for this proposition is obvious. "If the rule were otherwise, recusal would be required as a matter of course since . . . courts necessarily rule against parties and witnesses in every case, and litigants could manipulate the impartiality issue for strategic advantage, which the courts frown upon." *Davis*, 38 S.W.3d at 565 (citation omitted).

Therefore, the mere fact that a judge has ruled adversely to a party or witness is not grounds for recusal. *Id.*; *State v. Hines*, 919 S.W.2d 573, 578 (Tenn. 1995). "A trial judge's adverse rulings are not usually sufficient to establish bias." *State v. Cannon*, 254 S.W.3d 287, 308 (Tenn. 2008). "Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." *Alley v. State*, 882 S.W.2d at 821.

## B. Statements During Hearings

As recounted above, opinions of a judge based upon events that occur during the litigation of a case are not extrajudicial and do not arise from outside or from personal bias. Consequently, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *United States v. Adams*, 722 F.3d at 837 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *Albuquerque Bernalillo Cnty. Water Utility Authority*, 229 P.3d at 511.

The rule makes common sense. The Tennessee Supreme Court explained in *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d at 565, that if parties and counsel could demand recusal on the basis of rulings, "recusal would be required as a matter of course since trial courts necessarily rule against parties and witnesses in every case, and litigants could manipulate the impartiality issue for strategic advantage."

The same danger of manipulation in order to require a change of judge exists where the basis for recusal is criticism or irritation directed at an attorney. A rule that allowed an attorney to have his case transferred to another judge by quarreling with the court is not in the interest of justice. If every time a judge criticized the conduct of an attorney in the trial of a case, no matter how much it was warranted, a ground for recusal might exist, it would allow for the kind of forum shopping and cause for delay that is disfavored.

Recusal is not required because a judge has formed an opinion that a particular counsel is abrasive or has a litigation strategy that might include delay as a tactic. *Marcum v. Caruana*, 2012 WL 3984631, at *7 (Tenn. Ct. App. Sept. 11, 2012);; *In re D.C.*, 49 S.W.3d 694, 698 (Mo. Ct. App. 2001) (a judge's possession of views about the conduct of a party or of the party's counsel does not constitute disqualifying prejudice).

A judge's irritation or exasperation with counsel, criticism of counsel for perceived delays or failures to follow rules, friction occurring during litigation, or even sanctions and contempt charges do not establish the objective personal bias that would prevent a fair assessment of the merits of the case. *See, e.g., Rhodes v McDannel,* 945 F.2d 117, 120 (6th Cir. 1991); *People v. Smith*, 410 N.E.2d 973, 978-79 (Ill. App. Ct. 1980); *Blacknell v State,* 502 N.E.2d 899, 904 (Ind. 1987); *McKinley v. Iowa Dist. Court for Polk Cnty*., 542 N.W.2d 822, 827 (Iowa 1996).

> A number of jurisdictions have acknowledged that a judge may, in some circumstances, be disqualified for prejudice against counsel but have denied disqualification because the facts were insufficient to demonstrate bias. Judicial antipathy and irritation with counsel, rebuke of the attorney by the judge, the judge's holding the attorney in contempt, and adverse legal rulings by the judge have all been considered legally insufficient reasons to disqualify a judge. In addition, a conflict between the judge and counsel in another case, a judge's attempt to appoint different defense counsel, ex parte contacts by the judge, and a judge's comments to another judge concerning counsel are not grounds for judicial disqualification. Facts relied on to prove prejudice on the part of the judge were insufficient in cases where there were prior critical comments by the judge, where there was attorney opposition to the judge's election, where there was judicial reaction to counsel's failure to appear in court, or in other circumstances.

54 A.L.R. 5th 575, § 2[a] (Disqualification of judge for bias against counsel for litigant) (footnotes omitted).

As discussed earlier, a judge's bias against an attorney, based upon occurrences during litigation, may warrant disqualification only where hostility or bias is so pervasive that it is sufficient to deny the litigant a fair trial. Any comments made by the trial court must be construed in the context of all the facts and circumstances to determine whether a reasonable person would construe those remarks as indicating partiality on the merits of the case. *Alley v. State*, 882 S.W.2d at 822.

## IV. ANALYSIS

In her 73-page petition filed in this court, Ms. McKenzie has alleged that various actions or statements by the trial court demonstrate personal bias against her. Some allegations are repeated and some grouped under more than one heading. We have reviewed all the assertions made and examined the transcripts and documents provided to us. We will not address each separate allegation in detail, but will examine some examples.[3]

Our review of the transcripts indicates that Ms. McKenzie has characterized events and statements in a way that differs from a full and fair assessment of them. For example, Ms. McKenzie complains that one of her expert witnesses on computers was not allowed to testify at a hearing on discovery disputes and restraining orders. After hearing one witness who testified to hacking problems with Ms. McKenzie's computers, the trial court declined to hear the second expert. That decision was based upon the description of the testimony that would be given.

Shortly thereafter, the judge was told that the potential witness would provide additional information that would tie the hacking to Mr. McKenzie, a bit of information that had not been related to the judge earlier. Upon learning that, the trial court stated that the second expert should be called back in to testify because no one had yet "put Mr. McKenzie's fingerprints" on the hacking. However, Ms. McKenzie's attorney did not ever attempt to call the witness to the stand.

Ms. McKenzie's counsel stated that she wanted the restraining order (prohibiting Mr. McKenzie from remotely accessing information on Ms. McKenzie's computers) and wanted to be able to come back later and prove that the husband had violated the order. The trial court then had counsel for Ms. McKenzie question the husband whether he possessed any documents obtained remotely from the wife's computers, and Mr. McKenzie answered no to each question.

---

[3] In her petition to this court, Ms. McKenzie seeks to add a basis for her allegations of bias that was not included in her motion for recusal presented to the trial judge. Under Rule 10B our review is limited to the trial court's denial of the recusal motion. Accordingly, we will not address these later allegations.

Counsel concluded by telling the trial court, "we have our cause of action," and then verified that the court was going to issue a restraint on the husband remotely accessing information on the wife's computers. The court affirmed that was its intention, and counsel for husband stated that the husband agreed to any such restraining order.

Consequently, based on a full reading of the transcript of the hearing, we cannot agree that the trial court prevented a witness from testifying. Additionally, Ms. McKenzie was granted the relief she had requested. We cannot see how she may have suffered any prejudice.

Next, Ms. McKenzie asserts that the trial judge should have recused himself because his "personal attacks" against her evidence a prejudice against her. She provides examples of such statements, and we have reviewed the transcripts of them all. While Ms. McKenzie accuses the judge of calling her names, we disagree with that characterization. Some of the statements involve advising her to consider retaining another lawyer to represent her in this divorce. As the trial court explained, it had some concern that she was too emotionally involved. While the court did refer to the old saying about a lawyer who represents herself, the court did not call Ms. McKenzie a "fool." The judge did tell her in one instance that she was not thinking like a professional but was acting like a scorned litigant. Having reviewed all the comments cited by Ms. McKenzie in context, we do not agree that they were "personal attacks," nor did they indicate bias or prejudice against her that would suggest cause for removal.

The judge was concerned by the amount of time that had already been spent on a divorce of short duration with no children and few assets, and several times expressed his frustration with the situation and wondered at the cause. He also indicated on a few occasions that Ms. McKenzie's actions in the course of the litigation was at least part of the problem. Additionally, he admonished Ms. McKenzie that attacks on another lawyer were not acceptable in his court. We find no comments by the judge to Ms. McKenzie in her role as counsel that could provide a basis for recusal. As discussed above, even critical remarks during litigation do not show bias.

Another allegation is that the trial court disregarded controlling law and refused to allow her to present evidence "in her own defense." As stated above, adverse rulings do not form the basis for an allegation of bias. All of the examples Ms. McKenzie provides to support these allegations are, essentially, rulings of the trial court regarding application of the law to the facts or evidentiary or procedural matters. In addition, she challenges the trial court's finding her in contempt and argues that the finding and the procedure used indicate prejudice against her. Such rulings may be subject to review on

appeal, but the merits of those decisions are not before us, and we hold that they do not support a claim of prejudice under the legal standards set out earlier.

Ms. McKenzie also asserts that the trial judge should be recused because of something she calls "extrajudicial considerations from cases involving other lawyers." The example given of that complaint consists of the judge telling Ms. McKenzie that he did not let other lawyers get away with something, so he was not going to let her either. There is simply no basis for Ms. McKenzie to claim this statement was somehow inappropriate or indicative of prejudice. Her claim bears no relationship to the actual facts or to relevant law.

Finally, we must address Ms. McKenzie's claims that the trial judge exhibited a gender bias. As evidence of alleged prejudice against her because of her gender, she relies on the trial judge's comment that a dog "is man's best friend," when there was an issue over timely return of a dog to the husband. Additional evidence is alleged to exist in the trial judge's statement that he had recently dealt with a male lawyer going through a divorce who used a rationale similar to one Ms. McKenzie was offering for her lowered income and/or delay in meeting discovery deadlines. The judge stated that he did not see why he should treat Ms. McKenzie differently.

We find absolutely no evidence of a bias against Ms. McKenzie based upon her gender. In fact, given the "evidence" she cites in support of the allegation, we find her allegation to be outrageous. Without any reasonable foundation, she has attacked the motivation of the trial judge and accused him of a more general bias than just against her in this lawsuit. We have serious concerns regarding her conduct and admonish her, as a member of the bar, against making unfounded critical accusations regarding a judge.

Based upon the law discussed earlier and our review of the facts evidenced in the transcripts and filings, Ms. McKenzie has failed to allege any ground for recusal.

### V. Conclusion

The trial court's order denying the motion for recusal is affirmed. Ms. McKenzie is taxed with the costs for which execution, if necessary, may issue.

_____
PATRICIA J. COTTRELL, JUDGE