IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 7, 2018

**BARBARA PATTERSON, INDIVIDUALLY AND AS SURVIVING SPOUSE OF DAVID CHARLES PATTERSON, DECEASED V. STHS HEART, LLC**

**Appeal from the Circuit Court for Davidson County**
**No. 15C-1058          Kelvin D. Jones, Judge**

_____

**No. M2018-01419-COA-T10B-CV**

_____

Appellant sought disqualification of the trial judge pursuant to Tennessee Supreme Court Rule 10B. The trial judge denied the motion to recuse. Finding no error, we affirm.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and RICHARD H. DINKINS, JJ., joined.

C. Bennett Harrison, Jr. and Sean C. Wlodarczyk, Nashville, Tennessee, for the appellant, STHS Heart, LLC.

Phillip N. Elbert and Jeffrey A. Zager, Nashville, Tennessee, for the appellee, Barbara Patterson.

**OPINION**

**I.     FACTUAL BACKGROUND**

The facts of this case are largely undisputed. The underlying case is a healthcare liability action. STHS Heart, LLC ("STHS") filed a motion for partial summary judgment in April 2018, and the trial court heard the motion on June 15, 2018. The transcript of the hearing that is included with the petition indicates that the trial court said, with respect to the motion for partial summary judgment, "[t]he Court, based upon arguments of counsel, does find there are disputes over material facts. And so the Court will respectfully deny the motion." Counsel for STHS then said, "[w]ith all due respect, Your Honor, I need you to give me your rulings, findings of fact and conclusions," to which the trial court

responded "we'll do that." According to Appellant's petition, the trial court's law clerk stopped plaintiff's counsel in the hallway after the June 15, 2018 hearing and asked plaintiff's counsel to submit an order denying the motion for summary judgment.

Counsel for plaintiff submitted, on June 25, 2018, a three page "Proposed Order Denying Defendant's Motion for Partial Summary Judgment and Defendant's Motion to Strike," and STHS objected to the proposed order on the basis of the Tennessee Supreme Court's decision in *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303 (Tenn. 2014). On July 5, 2018, STHS's counsel received an email from plaintiff's counsel that was directed to two members of the trial court's staff but also copied to defense counsel. The email from plaintiff's counsel to the trial court staff began with "[t]o follow up from our conversation last week, attached please find the requested proposed findings of fact and conclusions of law with additional citations to the record." Attached to the July 5 email was a ten page proposed order denying partial summary judgment. Counsel for STHS responded to the email and asked the trial court staff to explain the conversations the trial court staff had with plaintiff's counsel. The trial court's law clerk responded to the email and stated, "[a]fter the plaintiffs submitted their proposed order and the defense filed an objection to the proposed order, I called [plaintiff's counsel] and asked him to submit proposed findings of facts and conclusions of law, as the prevailing party. The Court will draft its own order regarding the motion for summary judgment." The record before us does not contain the order the trial court actually entered deciding the motion for partial summary judgment.

STHS filed its motion to recuse on July 9, 2018, arguing that the trial court's ex parte communication warranted recusal.[1] In the trial court's order denying the motion to recuse, the trial court determined that the "ex parte communications initiated by the court were for administrative purposes only in asking the prevailing party to submit proposed findings of facts and conclusions of law for the Court's reference in preparing its order denying the Defendant's Motion for Partial Summary Judgment." The trial court noted that no "substantive, procedural, or tactical advantage" was gained by plaintiff's counsel because the trial court intended to draft its own order denying the motion for summary judgment and the defendant was provided with the requested document and given an opportunity to respond. This timely appeal followed.

## II. STANDARD OF REVIEW

When reviewing an appeal pursuant to Tennessee Supreme Court Rule 10B, we limit our review to whether the trial court erred in denying the appellant's motion for

---

[1] STHS also argued that the trial court impermissibly considered extra-judicial information (namely, the STHS website) in deciding the motion for partial summary judgment. The trial court denied STHS's motion to recuse on this basis as well. On appeal, STHS raises no issue in this regard. Therefore, that particular issue is waived, and we will not analyze it further.

recusal. *Williams by & through Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015) (*no perm. app. filed*). We do not review the merits or correctness of the trial court's other rulings. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). "[W]e review the denial of a motion for recusal under a de novo standard of review." *Id.* (citing Tenn. Sup. Ct. R. 10B § 2.06).

The appellate court may order the other parties to answer the appellant's petition and file any necessary documents, but it is also authorized to adjudicate the appeal summarily, without an answer from other parties. Tenn. Sup. Ct. R. 10B § 2.05. Having reviewed Appellant's petition and supporting documents, we have determined that an answer and additional briefing is unnecessary, and we have elected to act summarily on the appeal in accordance with Tennessee Supreme Court Rule 10B, § 2.05. Oral argument is likewise unnecessary.

## III. DISCUSSION

On appeal, Appellant maintains that the trial court should have recused itself "due to actual and/or apparent bias, prejudice, and partiality." We set forth the legal principles applicable to this case in *In Re: Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *2 (Tenn. Ct. App. Aug. 31, 2016) (*no perm. app. filed*):

> The party seeking recusal bears the burden of proof. *Williams*, 2015 WL 2258172, at *5; *Cotham v. Cotham*, No. W2015-00521-COA-T10B-CV, 2015 WL 1517785, at *2 (Tenn. Ct. App. Mar. 30, 2015) (*no perm. app. filed*). "[A] party challenging the impartiality of a judge 'must come forward with some evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned.'" *Duke*, 398 S.W.3d at 671 (quoting *Eldridge v. Eldridge*, 137 S.W.3d 1, 7-8 (Tenn. Ct. App. 2002)). When reviewing requests for recusal alleging bias, "it is important to keep in mind the fundamental protections that the rules of recusal are intended to provide." *In re A.J.*, No. M2014-02287-COA-R3-JV, 2015 WL 6438671, at *6 (Tenn. Ct. App. Oct. 22, 2015), *perm. app. denied* (Tenn. Feb. 18, 2016). "The law on judicial bias is intended 'to guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court had reached a prejudged conclusion because of interest, partiality, or favor.'" *Id.* (quoting *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009)).
>
> The terms "bias" and "prejudice" usually refer to a state of mind or

- 3 -

attitude that works to predispose a judge for or against a party, but not every bias, partiality, or prejudice merits recusal. *Watson v. City of Jackson*, 448 S.W.3d 919, 929 (Tenn. Ct. App. 2014) (citing *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994)). "'Even though the judge is expected to have no bias at the beginning of the trial, he must, perforce, develop a bias at some point in the trial; for the decision at the conclusion of the trial is based upon the impressions, favorable or unfavorable, developed during the trial.'" *Id.* at 933 (quoting *Spain v. Connolly*, 606 S.W.2d 540, 544 (Tenn. Ct. App. 1980)). To merit disqualification, the prejudice must be of a personal character, directed at the litigant, and stem from an extrajudicial source resulting in an opinion on the merits on some basis other than what the judge learned from participation in the case. *Id.* at 929. "A trial judge's opinions of the parties or witnesses that are based on what he or she has seen at trial are not improper and 'generally do[ ] not warrant recusal.'" *Id.* at 933 (quoting *Neuenschwander v. Neuenschwander*, No. E2001-00306-COA-R3-CV, 2001 WL 1613880, at *11 (Tenn. Ct. App. Dec. 18, 2001)). Consistent adverse rulings may lead a party to wish for another trial judge, but they do not provide a basis for requiring the trial judge's recusal from the case. *Runyon v. Runyon*, No. W2013-02651-COA-T10B, 2014 WL 1285729, at *10 (Tenn. Ct. App. Mar. 31, 2014). Adverse rulings usually are not sufficient to establish bias. *Duke*, 398 S.W.3d at 671 (citing *State v. Cannon*, 254 S.W.3d 287, 308 (Tenn. 2008)). "'Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification.'" *Id.* (citing *Alley*, 882 S.W.2d at 821).

*In Re: Samuel P.,* 2016 WL 4547543, at *2.

It is important for us to stress what this particular appeal is not. It is not an appeal of the trial court's decision on Appellant's motion for summary judgment. Nor is this an appeal regarding whether the trial court complied with the Tennessee Supreme Court's directives in *Smith v. UHS of Lakeside*. Rather, this appeal is solely about whether the Appellant has satisfied its burden to prove bias, prejudice, or partiality on the part of the trial court.

This case involves the intersection of two rules of the Code of Judicial Conduct and a determination of whether an ex parte communication establishes partiality, bias, or prejudice that requires the judge's recusal. Rule 2.11 provides that a "judge shall disqualify himself [] in any proceeding in which the judge's impartiality might reasonably be questioned," including when the "judge has a personal bias or prejudice concerning a party or a party's lawyer[.]" Rule 2.9 provides:

(A) A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties or their lawyers, concerning a pending or impending matter, except as follows:

    (1) When circumstances require it, ex parte communication for scheduling, administrative, or emergency purposes, which does not address substantive matters, is permitted, provided:

        (a) The judge reasonably believes that no party will gain procedural, substantive, or tactical advantage as a result of the ex parte communication; and

        (b) The judge makes provision promptly to notify all other parties of the substance of the ex parte communication, and gives the parties an opportunity to respond.

We note at the outset that the trial court does not deny that it engaged in ex parte communication; rather, the court characterized the ex parte communication as for administrative purposes only. This case is similar to *Runyon v. Runyon*, 2014 WL 1285729, at *9, in which a trial court initiated ex parte communication with the guardian ad litem and the appellant sought recusal. As in this case, the *Runyon* court recognized that our duty was not to "determine whether the ex parte communications constitute[d] a violation of RJC 2.9, only whether they mandate [the judge's] recusal…" *Id*. at *9. We went on to say that "[g]enerally, an ex parte communication requires recusal only where it creates an appearance of partiality or prejudice against a party so as to call into question the integrity of the judicial process." *Id*.

Here, the trial court denied STHS's motion for summary judgment. This, in and of itself is not proof of bias or prejudice on the part of the judge. The trial court also requested that plaintiff's counsel submit a proposed order and proposed findings. Again, this alone does not establish proof of bias or prejudice. STHS seems to argue that, because the trial court was allegedly violating the Tennessee Supreme Court's directives in *Smith v. UHS of Lakeside*, bias or prejudice is established.

We simply find no facts in the record to establish that the trial court's ex parte communications mandate recusal. STHS asks many questions in its petition: "why would the Trial Court say one thing, but then do another;" "[w]hy would the Trial Court call up Plaintiff's counsel, ex parte, and ask for information it had just been informed it could not request under *Lakeside*;" "[w]hat possible legitimate reason could it have for doing so;" and "[w]hy would the Trial Court instruct Plaintiff's counsel to keep the newly requested [proposed order] out of the record," just to name a few. STHS goes on to say that there are no "good" answers to these questions, so we must be "confined only to negative ones." This leads us to the crux of STHS's argument on appeal: "[t]hese facts, on their face, make it appear that the Trial Court, in an attempt to avoid its *Lakeside* obligations,

tried to delegate its 'high judicial function' to provide a reason for its ruling to the Plaintiff, and did so in a way that was seemingly intended to occur without [STHS's] knowledge." However, STHS's argument is based more on insinuation and speculation than on actual facts. As such, we reject STHS's argument that the trial court's ex parte communication with plaintiff's counsel regarding a proposed order created an appearance that the trial court was biased or prejudiced.

The decision of the trial court is affirmed, and the cause is remanded for further proceedings consistent with this Opinion. Costs on appeal are to be taxed to STHS Heart, LLC, and its surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE