FILED
08/28/2019
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 19, 2019

## DEBORAH RUSSELL v. HOUSEHOLD FINANCIAL SERVICES, INC., ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 18-669-II          Anne C. Martin, Chancellor**

_____

**No. M2019-01473-COA-T10B-CV**

_____

This is an interlocutory appeal as of right, pursuant to Rule 10B of the Rules of the Supreme Court of Tennessee, filed by Deborah Russell ("Plaintiff"), seeking to recuse the trial judge in this case which involves a foreclosure action. Having reviewed the petition for recusal appeal filed by Plaintiff, and finding no error in the Trial Court's order denying recusal, we affirm.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;**
**Judgment of the Chancery Court Affirmed**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which FRANK G. CLEMENT, Jr., P.J., M.S., and KENNY W. ARMSTRONG, J., joined.

Deborah Chandler Russell, Madison, Tennessee, appellant, *pro se*.

Jonathan Cole, John Spaulding Hicks, and Joy Longnecker, Nashville, Tennessee, for the appellees, Household Financial Services, Ben Adams, Baker, Donelson, Bearman, Caldwell & Berkowitz (Nashville), Jonathan Cole, Joy Longnecker, and Dana St. Clair-Hougham.

**OPINION**

Plaintiff filed a petition for recusal appeal in this Court on August 16, 2019, seeking review of the July 26, 2019 order of the Chancery Court for Davidson County ("the Chancery Court") denying Plaintiff's Motion for Immediate Disqualification and/or Recusal filed in the proceedings below on July 18, 2019.

This case arose from an agreement between Plaintiff and the defendant HSBC, Inc. d/b/a Household Financial Services, Inc. ("HSBC") with regard to the refinancing of Plaintiff's mortgage. The litigation originated in September of 2004, when Plaintiff filed an adversarial proceeding in the U.S. Bankruptcy Court for the Middle District of Tennessee. That case was dismissed without prejudice in March of 2006.

Subsequently, a detainer action was filed in the General Sessions Court and a ruling issued, which Plaintiff then appealed to Circuit Court. Plaintiff then filed a complaint in Chancery Court, Part I seeking an injunction preventing HSBC from foreclosing on Plaintiff's home. Plaintiff was represented by counsel at that time, and her complaint alleged claims for intentional and negligent misrepresentation, violations of the Truth in Lending Act, violations of the Tennessee Consumer Protection Act, and fraud. An initial temporary restraining order was entered by the Chancery Court, and the case was transferred to Circuit Court, where the appeal from the General Sessions Court was pending. The appeal of the General Sessions Court case was subsequently dismissed for being dormant.

In October of 2007, Plaintiff, now proceeding *pro se*, filed another complaint in Chancery Court, which was assigned to Part II. The new complaint addressed the foreclosure and also contained new allegations with regard to HSBC and its handling of litigation and discovery matters. This case was transferred to Circuit Court where the other cases still were pending. In October of 2013, the two Circuit Court cases were consolidated and were assigned to Sixth Circuit Court, with Judge Thomas W. Brothers presiding.

Plaintiff alleged that HSBC had induced her to refinance her mortgage in July of 2000 by promising her terms that were not included in the actual loan agreement. Plaintiff complained that her monthly loan payments were different from the amounts that had been represented by HSBC, and she claimed that many of the loan documents that she had signed were blank when she signed the documents and that HSBC representatives had told her not to worry about the blanks. HSBC filed a counterclaim against Plaintiff based upon a claimed post-foreclosure deficiency on her loan.

In June of 2008, the Circuit Court granted summary judgment to HSBC with regard to all of Plaintiff's claims and HSBC's counterclaim. The case was appealed to this Court, and we affirmed the grant of summary judgment as to the Tennessee Consumer Protection Act claims, but reversed as to Plaintiff's Truth in Lending Act claims and Plaintiff's intentional and negligent misrepresentation claims. *Russell v. Household Mortgage Servs.*, No. M2008-01703-COA-R3-CV, 2012 WL 2054388 (Tenn. Ct. App. Jun. 7, 2012), *no appl. perm. appeal filed*. The case was remanded to the Circuit Court.

Upon remand, in October of 2014, the Circuit Court granted summary judgment to HSBC as to all of Plaintiff's claims and as to HSBC's counterclaim. The Circuit Court awarded HSBC a deficiency judgment in the amount of $35,278.22 and attorney's fees in the amount of $150,000.

Again, the case was appealed to this Court. We affirmed the grant of summary judgment to HSBC on Plaintiff's Truth in Lending Act claims, but reversed with regard to Plaintiff's intentional and negligent misrepresentation claims due to disputed issues of material fact. *Russell v. HSBC Mortgage Servs., Inc.*, No. M2015-00197-COA-R3-CV, 2016 WL 1588091 (Tenn. Ct. App. April 15, 2016), *Rule 11 appl. perm. appeal denied Sept. 22, 2016*. This Court further vacated the judgment in favor of HSBC on its counterclaim. HSBC filed a Rule 11 application for permission to appeal to the Tennessee Supreme Court, which the Supreme Court denied by order entered on September 22, 2016. The case was remanded to the Circuit Court to adjudicate the claims of intentional and negligent misrepresentation and HSBC's counterclaim.

In January of 2017, the Circuit Court set the case for a one-week jury trial to begin October 30, 2017. On October 18, 2017, Plaintiff non-suited her case. HSBC's counterclaim remained pending. Prior to non-suiting her claims, Plaintiff filed two motions seeking to recuse Judge Brothers. Plaintiff alleged that Judge Brothers had engaged in *ex parte* communications with the attorneys from Baker, Donelson, Bearman, Caldwell & Berkowitz ("the Baker Attorneys"). Judge Brothers denied those allegations and denied Plaintiff's motions to recuse.

Plaintiff then filed another suit in Chancery Court and sued not only HSBC, but also HSBC's attorneys, *i.e.,* the Baker Attorneys; and an HSBC representative, Dana St. Clair-Hougham. Plaintiff did not properly effect service on the Baker Attorneys. Plaintiff also failed to have the Clerk and Master issue process for defendants HSBC and Dana St. Clair-Hougham. Plaintiff's complaint comprised four volumes containing 543 pages and 1,582 paragraphs.

The case was assigned to Chancery Court, Part II with Chancellor William Young presiding. Chancellor Young then transferred the case to the Sixth Circuit Court because of the Circuit Court's history with the case and familiarity with it. In September of 2018, after Judge Brothers recused himself, the case was returned to Chancery Court, Part II.

In November of 2018, the current trial judge, Chancellor Anne C. Martin, heard motions in this case for the first time. Plaintiff had eleven pending motions, but the defendants asserted that due to lack of service upon them, the only motion properly before the court was the motion to enlarge time to obtain service. The Chancery Court allowed Plaintiff additional time to serve defendants. Plaintiff also had filed a motion seeking a Rule 9 interlocutory appeal with regard to the Circuit Court case, and the Chancery Court noted that Plaintiff had non-suited the claims in that case, so there was

no case pending from which Plaintiff could proceed. Additionally, Plaintiff objected to receiving emails or hand-service of pleadings from the defendants, and the Chancery Court instructed Plaintiff to provide the clerk with an email or facsimile number for service. Plaintiff's remaining motions were scheduled for hearing at a later date.

In December of 2018, Plaintiff filed a motion to alter or amend with regard to the Chancery Court's instruction regarding providing an email or facsimile number for service. Plaintiff asserted that her safety and security would be compromised with any method of service other than U.S. mail. The Chancery Court entered an order directing Plaintiff to familiarize herself with the Tennessee Rules of Civil Procedure and Twentieth Judicial District's Local Rules of Court, and informed Plaintiff that if she insisted on service by mail, she would no longer be able to raise objections with regard to the timing of her receipt of pleadings, unless Plaintiff could demonstrate that said pleadings were not be placed in the mail timely.

In January of 2019, the Chancery Court heard the remaining motions held-over from November of 2018, as well as additional motions filed since that time. The Chancery Court granted the defendants' motion to strike and allowed Plaintiff thirty days to refile her complaint. Specifically, the Chancery Court found that Plaintiff's complaint was similar to one which this Court had determined was "a conglomeration of facts, legal arguments, conjecture, grandiloquent expressions, rhetorical questions, verbiage, impertinence, redundancy, immateriality, scandalous matter, innuendos, character assassination, and affirmative defenses to unasserted claims." *Collier v. Federal Land Bk. of Louisville*, No. 87-150-II, 1987 WL 18379, at *4 (Tenn. Ct. App. Oct. 14, 1987), *Rule 11 appl. perm. appeal denied Dec. 4, 1989*. The Chancery Court gave Plaintiff several examples of the information in the complaint considered scandalous or character assassination and cited specific examples in its order. Plaintiff filed an amended complaint that was 249 pages long and contained 871 paragraphs.

In May of 2019, a hearing was specially set for 11:00 a.m. after the Chancery Court's regular motion docket. The Chancery Court finished the motion docket at approximately 9:30 a.m. and the Chancellor worked in chambers until 11:00 a.m. The Chancellor had no contact with the Baker Attorneys that morning during the time prior to the 11:00 a.m. hearing. Several motions were scheduled, and as part of her response to the motions, Plaintiff had filed a motion titled "Emergency Motion for Immediate Determination on Jurisdiction & Scope of Judicial Authority of this Court." The Chancery Court took up Plaintiff's motion first and explained that it was unclear what Plaintiff was seeking. The Chancery Court gave Plaintiff a chance to explain and share any concerns, and Plaintiff did not raise any issues with regard to allegations Plaintiff later made about *ex parte* communications between the Chancellor and the Baker Attorneys. Nor did Plaintiff request that the Chancellor recuse.

- 4 -

The Chancery Court then heard defendants' motions, among which was a motion to strike Plaintiff's complaint. The Chancery Court ruled that the complaint was impossible to understand and contained language inappropriate for a pleading. The Chancery Court did not strike the entire pleading, but instead went through the complaint paragraph by paragraph and struck the inappropriate portions. The Chancery Court then instructed Plaintiff to refile her complaint consistent with the court's ruling within thirty days.

The Chancery Court also heard defendants' motion to dismiss and granted the motion dismissing the claims against the Baker Attorneys for various reasons including failure to state a claim and allegations that were barred by the statute of limitations. The Chancery Court also dismissed defendant Dana St. Clair-Hougham finding that the allegations against this defendant concerned affidavits submitted by Ms. St. Clair-Hougham and a deposition she had given and that those activities had occurred outside of the applicable statute of limitations. Plaintiff filed a motion to alter or amend, which was set to be heard in July of 2019, but Plaintiff filed her motion to recuse the day prior to that hearing precluding the hearing on the motion to alter or amend.

By order entered on July 26, 2019, the Chancery Court denied Plaintiff's motion to recuse in a very detailed, thorough, and well-reasoned order. The Chancery Court noted that many of Plaintiff's complaints concerned other judges before whom Plaintiff had appeared, not the current Chancellor. The Chancery Court denied having *ex parte* communications with the Baker Attorneys; denied that her rulings had consistently favored the Baker Attorneys; denied knowing the identities of contributors to her campaign; denied that her former law firm had represented HSBC while the Chancellor worked there; denied being influenced by Judge Brothers, Judge Binkley, and defendant Lupinacci, whom the Chancellor denied even knowing; denied having an "unethical relationship" with the Clerk & Master, and noted that Plaintiff waited until she had received an adverse ruling before raising the issue of recusal despite knowing about the facts alleged prior to the hearing. Furthermore, the Chancery Court stated: "The Court has a job to do and is doing it, and although [Plaintiff] is unhappy with the Court's rulings, as she has been with rulings made by every trial judge she has encountered since 2004, that is not a basis for recusal."

ANALYSIS

We have determined in this case after a review of the petition and supporting documents submitted with the petition, that an answer, additional briefing, and oral argument are unnecessary to our disposition because the record provided by Plaintiff does not demonstrate error by the Trial Court Judge. As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of Rule 10B. *See* Tenn. Sup. Ct. R. 10B, § 2.05 ("If the appellate court, based upon its review of the petition for recusal appeal and supporting documents, determines that no answer from the

other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court."); § 2.06 ("An accelerated interlocutory appeal shall be decided by the appellate court on an expedited basis. The appellate court's decision, in the court's discretion, may be made without oral argument.").

We review a trial court's ruling on a motion for recusal under a *de novo* standard of review with no presumption of correctness. Tenn. Sup. Ct. R. 10B § 2.01. "The party seeking recusal bears the burden of proof, and 'any alleged bias must arise from extrajudicial sources and not from events or observations during litigation of a case.'" *Neamtu v. Neamtu*, No. M2019-00409-COA-T10B-CV, 2019 WL 2849432, at *2 (Tenn. Ct. App. July 2, 2019), *no appl. perm. appeal filed*, (quoting *Williams by & through Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015), *no appl. perm. appeal filed*). As this Court explained in *Neamtu v. Neamtu*:

> The party seeking recusal bears the burden of proof. *Williams*, 2015 WL 2258172, at *5; *Cotham v. Cotham*, No. W2015-00521-COA-T10B-CV, 2015 WL 1517785, at *2 (Tenn. Ct. App. Mar. 30, 2015) (*no perm. app. filed*). "[A] party challenging the impartiality of a judge 'must come forward with some evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned.'" *Duke*, 398 S.W.3d at 671 (quoting *Eldridge v. Eldridge*, 137 S.W.3d 1, 7-8 (Tenn. Ct. App. 2002)). When reviewing requests for recusal alleging bias, "it is important to keep in mind the fundamental protections that the rules of recusal are intended to provide." *In re A.J.*, No. M2014-02287-COA-R3-JV, 2015 WL 6438671, at *6 (Tenn. Ct. App. Oct. 22, 2015), *perm. app. denied* (Tenn. Feb. 18, 2016). "**The law on judicial bias is intended 'to guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court had reached a prejudged conclusion because of interest, partiality, or favor.**'" *Id.* (quoting *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009)).
>
> The terms "bias" and "prejudice" usually refer to a state of mind or attitude that works to predispose a judge for or against a party, but not every bias, partiality, or prejudice merits recusal. *Watson v. City of Jackson*, 448 S.W.3d 919, 929 (Tenn. Ct. App. 2014) (citing *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994)). "'**Even though the judge is expected to have no bias at the beginning of the trial, he must, perforce, develop a bias at some point in the trial; for the decision at the conclusion of the trial is based upon the impressions, favorable or**

- 6 -

**unfavorable, developed during the trial.**'" *Id.* at 933 (quoting *Spain v. Connolly*, 606 S.W.2d 540, 544 (Tenn. Ct. App. 1980)). To merit disqualification, the prejudice must be of a personal character, directed at the litigant, and stem from an extrajudicial source resulting in an opinion on the merits on some basis other than what the judge learned from participation in the case. *Id.* at 929. "A trial judge's opinions of the parties or witnesses that are based on what he or she has seen at trial are not improper and 'generally do[ ] not warrant recusal.'" *Id.* at 933 (quoting *Neuenschwander v. Neuenschwander*, No. E2001-00306-COA-R3-CV, 2001 WL 1613880, at *11 (Tenn. Ct. App. Dec. 18, 2001)).

*Neamtu*, 2019 WL 2849432, at **2-3 (quoting *In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *2 (Tenn. Ct. App. Aug. 31, 2016), *no appl. perm. Appeal filed.*) (emphasis in original)

As this Court explained in *Duke v. Duke*:

"A trial judge's adverse rulings are not usually sufficient to establish bias." *State v. Cannon,* 254 S.W.3d 287, 308 (Tenn. 2008). "Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." *Alley v. State,* 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). "If the rule were otherwise, recusal would be required as a matter of course since trial courts necessarily rule against parties and witnesses in every case, and litigants could manipulate the impartiality issue for strategic advantage, which the courts frown upon." *Davis v. Liberty Mut. Ins. Co.,* 38 S.W.3d 560, 565 (Tenn.2001).

*Duke v. Duke,* 398 S.W.3d 665, 671 (Tenn. Ct. App. 2012).

"[A] judge should not decide to recuse unless a recusal is truly called for under the circumstances." *Rose v. Cookeville Reg'l Med. Ctr.*, No M2007-02368-COA-R3-CV, 2008 WL 2078056, *2 (Tenn. Ct. App. May 14, 2008), *no appl. perm. appeal filed*. This is true because "'[a] judge has as much of a duty not to recuse himself absent a factual basis for doing so as he does to step aside when recusal is warranted.'" *Id*. at *2 (quoting *Mass v. McClenahan*, No. 93 Civ. 3290 (JSM), 1995 WL 106106, *1 (S.D.N.Y. Mar. 9, 1995)). Recusal based upon an asserted appearance of bias or prejudice "is appropriate only if the facts provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." *Id*. at *2 (quoting *In Re United States*, 666 F.2d 690, 695 (1st Cir. 1981)).

In her petition for recusal appeal, Plaintiff has demonstrated no reason for recusal other than the fact that she is unhappy with some of the rulings of the Chancery Court. Such unhappiness is insufficient to justify recusal. Furthermore, Plaintiff has proven no

facts supporting recusal. Rather, Plaintiff simply provides unsubstantiated argument, most of which concerns things that occurred prior to the current Chancellor's involvement with this case.

Plaintiff has failed to produce "evidence that would prompt a reasonable, disinterested person to believe that the [Chancellor's] impartiality might reasonably be questioned." *Neamtu*, 2019 WL 2849432, at *3 (quoting *In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *2 (Tenn. Ct. App. Aug. 31, 2016), *no appl. perm. appeal filed*). As such, we find no error in the Chancery Court's order denying the motion for recusal. Plaintiff's petition for recusal is DENIED. The costs of this appeal are taxed to Plaintiff, for which execution may issue. This case is remanded for further proceedings.

_____

D. MICHAEL SWINEY, CHIEF JUDGE