IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 1, 2025

## IN RE ISAIAH M.

**Appeal from the Chancery Court for Washington County**
**No. 24-AD-0225      Suzanne Cook, Judge**
_____

**No. E2025-01899-COA-T10B-CV**
_____

This is a termination of parental rights case. The trial court denied Appellant's 11th motion to recuse, and Appellant filed an interlocutory appeal as of right pursuant to Tennessee Supreme Court Rule 10B. Discerning no error, we affirm.

**Tenn. Sup. Ct. R. 10B Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

VALERIE L. SMITH, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and W. NEAL MCBRAYER, JJ., joined.

A.M., Austin, Texas, appellant, *pro se*.[1]

Sandy Phillips, Johnson City, Tennessee, for the appellees, K.M. and B.M.

**MEMORANDUM OPINION**[2]

_____

[1] In cases involving the potential termination of parental rights, it is the policy of this Court to abbreviate the full names of the children and other parties to protect their identities.

[2] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be

# I. BACKGROUND AND PROCEDURAL HISTORY

This appeal arises from Appellant A.M.'s 11th Tennessee Supreme Court Rule 10B ("Rule 10B") motion to recuse the trial judge. We discussed the background facts and procedural history of this case in several recent opinions affirming the trial court's orders denying A.M.'s previous recusal motions, and it is not necessary for us to repeat that discussion here. Rather, we briefly summarize the events leading to this current appeal.

In November 2025, A.M. filed her tenth Rule 10B recusal motion in the trial court. In her motion, A.M. asserted that she had obtained an *ex parte* order of protection from the District Court of Harris County, Texas ("the Texas order" or "the Texas court"), against the trial judge in this termination of parental rights case. By order entered on November 10, 2025, the trial court denied A.M's motion. In its order, the trial court stated that it could not determine whether the alleged protective order attached to A.M.'s motion was a valid order. The trial judge also stated that she had not been served with the alleged order. The court determined that A.M.'s tenth motion to recuse was "repetitive and filed for an improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." On November 13, A.M. filed a petition for appeal to this Court pursuant to Rule 10B, and we affirmed the trial court's judgment. *In Re Isaiah M.*, No. E2025-01790-COA-T10B-CV (Tenn. Ct. App. Feb. 12, 2026).

While her appeal of the trial court's November 10, 2025, order was pending, on November 12, 2025, A.M. filed her 11th motion to recuse. In her motion, A.M. asserted that the Texas order prohibited the trial judge from contacting or communicating with A.M. or her son (the child at issue in the termination of parental rights matter). She also asserted that the Texas order "was personally served on [the trial judge] on November 11, 2025, at 6 37 PM, at [a Tennessee address]." A.M. alleged:

> The sworn server attests that [the trial judge] asked him to note that "a protection order from Texas is considered invalid, citing her profession as a circuit court judge." This is an extrajudicial (non-record) statement, on a pending protection-order matter that directly relates to conduct alleged in this Tennessee case. It invokes judicial status and expresses a categorical legal conclusion about Texas protection orders—precisely the kind of public, out-of-court comment that "commits or appears to commit the judge to reach a particular result or rule in a particular way" and therefore mandates disqualification under Rule 2 11(A)(5).

A.M. further asserted:

_____

cited or relied on for any reason in any unrelated case.

As reflected in Respondent's 10th Motion, this Court has been addressing contested safety and procedural issues (remote-appearance denials, enforcement of warrants in a civil matter, etc.) - all of which now intersect with the Texas protective-order allegations and relief sought.

A.M. argued that, because the Texas order prohibited the trial judge from communicating with her, further communication from the trial judge would allow the Texas court to "punish 'willful disobedience to [its] lawful order.'" She argued that the trial judge's "extrajudicial statement create[d] an objective appearance of bias and apparent commitment on a pending issue," thereby requiring recusal.

By order entered November 18, 2025, the trial court denied A.M.'s 11th motion to recuse upon determining it was "filed for an improper purpose, to harass, and to delay." The court found that A.M.'s motion averred that the facts stated therein were "true and correct to the best of my knowledge, information and belief[,]" but failed to "aver that [the motion] [was] made upon personal knowledge" as required by Rule 10B. Relying on *Berg v. Berg*, 2018 WL 3612845 (Tenn. Ct. App. July 27, 2018), the court determined that "personal knowledge" is a mandatory requirement of Rule 10B. The trial court also found that A.M. failed to attach her application and the Texas order as exhibits to her 11th motion to recuse. The court stated that the Texas court vacated the order of protection by order entered on November 18, 2025, and attached that order to its order denying A.M.'s motion. On November 27, 2025, A.M. filed an appeal to this Court as permitted by Rule 10B. On January 13, 2026, A.M. filed a motion to recuse this panel and to stay the matter in the trial court. We denied her motion by order entered on January 28, 2026.

## II. ISSUES PRESENTED

The only issue reviewable in a Rule 10B appeal is whether the trial court erred in denying the appellant's motion to recuse. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012).

## III. STANDARD OF REVIEW

We review a trial court's order denying a Rule 10B motion to recuse *de novo*. Tenn. Sup. Ct. R. 10B § 2.01. Therefore, we examine the record anew and review the trial court's conclusions with no presumption of correctness. *Elseroad v. Cook*, 553 S.W.3d 460, 463 (Tenn. Ct. App. 2018).[3]

---

[3] We addressed the rules, standards, and caselaw governing recusal motions in opinions regarding A.M.'s previous 10B appeals, and it is unnecessary to repeat this discussion here.

# IV. DISCUSSION

We begin our discussion by observing that A.M.'s November 27, 2025, petition for appeal recites that it is an appeal of her 10th and 11th motions to recuse. However, as noted above, on November 13, 2025, A.M. filed an appeal of the trial court's order denying her 10th motion to recuse, and this Court has issued judgment on that appeal. Accordingly, our review is limited to the trial court's order denying A.M.'s 11th recusal motion. Similarly, A.M.'s arguments with respect to the effect of the Texas order in and of itself upon this case pertain to her tenth motion to recuse. Therefore, we decline to revisit those arguments or to address additional arguments that should have been made in A.M.'s previous appeal. Therefore, we turn to A.M.'s arguments that relate to this 11th Rule 10B motion.

A.M. asserts four arguments in support of her position that the trial court erred by denying her 11th recusal motion. First, she argues that the trial judge's alleged statement to the Texas process server regarding the validity of the Texas order constitutes an extrajudicial statement that requires disqualification. Second, A.M. argues that the trial court erred in finding that A.M.'s verified declaration in support of her 11th motion ("the declaration") was procedurally defective because it did not include the words "on personal knowledge." Third, A.M. contends that the trial court erred in characterizing her 11th motion as "repetitive" and filed for an "improper service." Fourth, A.M. argues that a person of ordinary prudence would reasonably question the trial judge's impartiality in light of the cumulative history of the case, including her prior recusal motions and appeals.

We turn first to A.M.'s argument that the trial court erred with respect to whether A.M.'s 11th recusal motion was procedurally defective. As the trial court noted, Rule 10B requires that "[t]he motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials." Tenn Sup. Crt. R. 10B § 1.01. From our review of the record, we note that, as the trial court found, A.M. did not attach the Texas order to her 11th Rule 10B motion, nor did she attest to "personal knowledge."

Compliance with the provisions of Rule 10B is mandatory, and the failure to include an affidavit or declaration under penalty of perjury provides a basis for denial of the Rule 10B motion. *Beaman v. Beaman*, No. M2018-01651-COA-T10B-CV, 2018 WL 5099778, at *13 (Tenn. Ct. App. Oct. 19, 2018). However, this Court has "reject[ed] the notion that such an affidavit or declaration must contain the words 'on personal knowledge' for this Court to conclude that its contents are so based." *Id*. Such "magic words" may not be required if the declaration/affidavit otherwise demonstrates personal knowledge. *Id*. In contrast to *Beaman*, in this case there is nothing in A.M.'s declaration or motion to attest or demonstrate that she had personal knowledge of the alleged "extrajudicial source" warranting recusal. From our review of the record, it appears that A.M.'s allegation is based not on personal knowledge, but on an unsigned and undated return of service.

Even if we were to assume that A.M.'s declaration in her 11th motion to recuse substantially complies with Rule 10B, the alleged statement by the trial judge to the process server does not constitute an extrajudicial source demonstrating bias and warranting recusal. The trial judge's opinion regarding the validity of the Texas order – whether accurate or not – has no bearing on this case. It is well-settled that:

> The terms "bias" and "prejudice" usually refer to a state of mind or attitude that works to predispose a judge for or against a party, but not every bias, partiality, or prejudice merits recusal. *Watson v. City of Jackson*, 448 S.W.3d 919, 929 (Tenn. Ct. App. 2014) (citing *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994)). "'Even though the judge is expected to have no bias at the beginning of the trial, he must, perforce, develop a bias at some point in the trial; for the decision at the conclusion of the trial is based upon the impressions, favorable or unfavorable, developed during the trial.'" *Id.* at 933 (quoting *Spain v. Connolly*, 606 S.W.2d 540, 544 (Tenn. Ct. App. 1980)). To merit disqualification, the prejudice must be of a personal character, directed at the litigant, and stem from an extrajudicial source resulting in an opinion on the merits on some basis other than what the judge learned from participation in the case. *Id.* at 929. "A trial judge's opinions of the parties or witnesses that are based on what he or she has seen at trial are not improper and 'generally do[ ] not warrant recusal.'" *Id.* at 933 (quoting *Neuenschwander v. Neuenschwander*, No. E2001-00306-COA-R3-CV, 2001 WL 1613880, at *11 (Tenn. Ct. App. Dec. 18, 2001)).

*Adkins v. Adkins,* No. M2021-00384-COA-T10B-CV, 2021 WL 2882491, at *5–6 (Tenn. Ct. App. July 9, 2021) (quoting *In Re: Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *2 (Tenn. Ct. App. Aug. 31, 2016)) (emphases in *Adkins* omitted). The trial judge's alleged statement has no bearing on the merits of the parental termination case, was not directed at or about A.M., and does not reflect bias or prejudice. Thus, the trial judge's alleged statement is not an "extrajudicial source" that warrants recusal.

We turn next to A.M.'s argument that the trial court erred by characterizing her 11th recusal motion as repetitive and filed for an improper purpose. We observe that this is A.M.'s second recusal motion based on the now vacated Texas court order. Having failed to succeed on her argument that the very existence of the Texas order required recusal, A.M. next turned to alleged statements made by the judge to the process server which – even if true – have no bearing on this case. A.M. repeatedly has filed unsupported and unsuccessful claims in multiple state and federal courts, resulting in considerable delay. We agree with the trial court that these serial motions to recuse are repetitive and improperly cause needless delay.

We finally turn to A.M.'s argument that the cumulative history of this case warrants recusal. We disagree. This Court has observed that, "'[i]n rare situations, the cumulative

- 5 -

effect of the "'repeated misapplication of fundamental, rudimentary legal principles that favor[ ] [one party] substantively and procedurally' can be the basis for recusal.'"" *Boren v. Hill Boren, PC*, 557 S.W.3d 542, 551 (Tenn. Ct. App. 2017) (quoting *Krohn v. Krohn*, No. M2015-01280-COA-R10B-CV, 2015 WL 5772549, at *7 (Tenn. Ct. App. Sept. 22, 2015) (quoting *Hoalcraft v. Smithson*, No. M2000-01347-COA-R10-CV, 2001 WL 775602, at *16–17 (Tenn. Ct. App. July 10, 2001))). We also have noted that adverse rulings are not sufficient to demonstrate bias. *Id.* at 550. Indeed, the courts rule against parties in every case. *Id.* A party may not "manipulate the impartiality issue for strategic advantage" through the party's own conduct. *Id.* (quoting *Davis v. Liberty Mutual Ins. Co.*, 38 S.W.3d 560, 565 (Tenn. 2001)). In this case, the trial court has not misapplied legal principles – much less done so repeatedly. On the contrary, the trial judge has thoroughly and painstakingly addressed A.M.'s many motions to recuse and sought to expeditiously adjudicate this termination of parental rights case.

## V. CONCLUSION

Discerning no error, we affirm the judgment of the trial court. This matter is remanded for further proceedings. On remand, the trial court is directed to take all reasonable actions to expedite the hearing of Appellees' petition. Any motions which may be pending in this Court with respect to this appeal are denied. Costs on appeal are assessed to the appellant., A.M. Because A.M. is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.

s/ Valerie L. Smith
VALERIE L. SMITH, JUDGE