IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 28, 2025

## DIANA SOFIA ACEVEDO v. DANIEL JOSE SIERRA

**Appeal from the Circuit Court for Shelby County**
**No. CT-2720-24      Felicia Corbin-Johnson, Judge**

_____

### No. W2025-00115-COA-T10B-CV

_____

This accelerated interlocutory appeal is taken from the trial court's order denying Appellant's motion for recusal. Because the order denying recusal conflicts with the trial court's previously entered standing order of recusal regarding all cases involving Appellant's attorney, we vacate the trial court's order denying recusal and remand for resolution of the conflicting orders.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal; Judgment of the Circuit Court Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ANDY D. BENNETT and KRISTI M. DAVIS, JJ., joined.

Julie Byrd Ashworth, Collierville, Tennessee, for the appellant, Diana Sofia Acevedo.

Sabrina D. Ball, Memphis, Tennessee, for the appellee, Daniel Jose Sierra.

### MEMORANDUM OPINION[1]

### I. Background

On June 28, 2024, Appellant Diana Sofia Acevedo filed a complaint for divorce against Appellee Daniel Jose Sierra in the Circuit Court for Shelby County ("trial court"). The case was assigned to Judge Felicia Corbin-Johnson.  At the time of the filing, Ms.

---

[1] Rule 10 of the Court of Appeals Rules provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION', shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

Acevedo was represented by attorney Kevin Cavender. On August 16, 2024, Mr. Cavender filed a motion to withdraw, and an order was entered substituting attorney William W. Jones, IV as Ms. Acevedo's counsel. While Mr. Jones was representing Ms. Acevedo, on November 25, 2024, the trial court entered an order requiring Ms. Acevedo to vacate the marital residence and ordered supervised visitation between Ms. Acevedo and the parties' children.

On December 6, 2024, Mr. Jones filed a motion to withdraw, and attorney Julie Byrd Ashworth filed a notice of appearance on the same day. On December 13, 2024, the trial court entered an order allowing Mr. Jones to withdraw. On January 17, 2025, Ms. Ashworth filed several motions in the trial court, including, as relevant here, a motion for Judge Corbin-Johnson's recusal. In the recusal motion, Ms. Ashworth averred, in relevant part:

> 2. [Ms. Ashworth] was one of three adversaries to The Honorable Felicia Corbin-Johnson in the election August 7, 2014 that first elected the judge of Division I to the seat she currently holds.
>
> [Ms. Ashworth] also represented the mother of a grandchild of The Honorable Felicia Corbin-Johnson in the Juvenile Court of Memphis and Shelby County, Tennessee in contested child custody/visitation and child support hearings in 2021. As such, and for good cause shown including applicable case law, it is appropriate that the assigned judge recuse and/or disqualify herself from this instant cause.
>
> 3. Plaintiff notes that just in 2024 alone, three separate cases were routinely re-assigned from Division I, to-wit CT-0774-24, CT-4179-24, and CT-4205-24, pursuant to the Standing Order of Recusal entered by this Court August 3, 2016.

The 2016 "Standing Order of Recusal from Cases Involving Julie D. Byrd [Ashworth]" ("Standing Order"), which is referenced in paragraph 3, was attached as an exhibit to the motion. It provides:

> The Court, sua sponte, will not hear any matters involving Julie D. Byrd [Ashworth] in light of this Court's previous orders of recusal in **Jones v. Jones**, CT-001683-16 and **Dowell v. Dowell**, CT-001147-15.
>
> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Court recuses from all pending and future cases involving Julie D. Byrd [Ashworth]. All cases shall be randomly reassigned to other divisions.

On January 15, 2025, the trial court heard the motion for recusal and denied it by

order of January 16, 2025. In the order denying recusal, Judge Corbin-Johnson acknowledged the Standing Order, stating:

> The Court denied the motion to recus[e] for several reasons including:
>
> 1. A [S]tanding [O]rder of recusal for cases involving Attorney J. Byrd [Ashworth] has been in effect since August 2016.
> 2. Ms. Ashworth accepted the representation of the Plaintiff knowing she could not practice before this Court, knowing that a hearing was scheduled for January 17, 2025, on a petition, and knowing that a trial date was scheduled for March 5, 2025.

As discussed further below, in the order denying recusal, Judge Corbin-Johnson did not lift the Standing Order but, nonetheless, denied recusal on the following findings:

> 15. No affidavit was filed for the [Appellant] as required for a motion for recusal. The only affidavit filed was Ms. Ashworth's (formerly J. Byrd).
> 16. The Court made a finding that the motion was filed for an improper purpose to demean and defame the professional and personal character and reputation of the judge; and [Appellant] wanted to transfer the case to another division hoping to receive more favorable rulings after receiving rulings that were adverse, not favorable, and not seeking the outcome she desired.
> 17. There is no conflict of interest, bias, prejudice, or basis for disqualification and recusal of this Court involving the parties. . . . This Court has been presiding over this case since it was filed on June 28, 2024, and has conducted hearings, status conferences, and entered multiple orders.
> 18. There is no legal or factual basis for this Court to recuse or disqualify from continuing to preside over this case through conclusion. A trial date for the divorce was given to the parties on September 26, 2024, setting the trial for March 3, 2025, at 10:00 a.m. The trial will occur at time absent exigent circumstances.
> 19. The Court is of the opinion that a person of ordinary prudence in the judge's position, knowing all the facts that are known to the judge, would not have a reasonable basis for questioning the judge's impartiality

On January 17, 2025, Judge Corbin-Johnson entered an order disqualifying Ms. Ashworth as the attorney of record for Ms. Acevedo. On January 21, 2025, Judge Corbin-Johnson entered an "Order to Show Cause," setting a deadline for January 29, 2025 for Ms. Ashworth to "withdraw, amend, or correct her pleadings and other documents" and scheduling a show-cause hearing for February 14, 2025 to determine whether the documents, as withdrawn, amended or corrected, "violate 11.02(1) and 11.02(3) and whether sanctions will be imposed or not." Appellant appeals.

- 3 -

## II. Issue

Under Tennessee Supreme Court Rule 10B, the only order this Court may review on appeal is the trial court's order denying a motion to recuse. ***Duke v. Duke***, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012) ("Pursuant to [Tennessee Supreme Court Rule 10B], we may not review the correctness or merits of the trial court's other rulings[.]"). Accordingly, the sole issue is whether the trial court erred in denying Ms. Acevedo's motion for recusal. ***Williams by & through Rezba v. HealthSouth Rehab. Hosp. N.***, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015).

## III. Standard of Review

Tennessee Supreme Court Rule 10B requires appellate courts to review a trial court's ruling on a motion for recusal under a de novo standard of review with no presumption of correctness. Tenn. Sup. Ct. R. 10B, § 2.01. The party seeking recusal bears the burden of proof, and "any alleged bias must arise from extrajudicial sources and not from events or observations during litigation of a case." ***Williams by & through Rezba***, 2015 WL 2258172, at *5 (quoting ***McKenzie v. McKenzie***, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *3 (Tenn. Ct. App. Feb. 11, 2014)).

## IV. Analysis

We begin with a review of the applicable legal principles concerning questions of recusal, which are succinctly stated in ***In Re: Samuel P.***, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *2 (Tenn. Ct. App. Aug. 31, 2016), to-wit:

> When reviewing requests for recusal alleging bias, "it is important to keep in mind the fundamental protections that the rules of recusal are intended to provide." ***In re A.J.***, No. M2014-02287-COA-R3-JV, 2015 WL 6438671, at *6 (Tenn. Ct. App. Oct. 22, 2015), *perm. app. denied* (Tenn. Feb. 18, 2016). "The law on judicial bias is intended 'to guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court had reached a prejudged conclusion because of interest, partiality, or favor.'" *Id*. (quoting ***Bean v. Bailey***, 280 S.W.3d 798, 803 (Tenn. 2009)).
>
> The terms "bias" and "prejudice" usually refer to a state of mind or attitude that works to predispose a judge for or against a party, but not every bias, partiality, or prejudice merits recusal. ***Watson***[***v. City of Jackson***, 448 S.W.3d 919, at 929 (Tenn. Ct. App. 2014)] (citing ***Alley v. State***, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994)). "'Even though the judge is expected to have no bias at the beginning of the trial, he must, perforce, develop a bias at some point in the trial; for the decision at the conclusion of the trial is based

- 4 -

upon the impressions, favorable or unfavorable, developed during the trial.'" *Id*. at 933 (quoting *Spain v. Connolly*, 606 S.W.2d 540, 544 (Tenn. Ct. App. 1980)). To merit disqualification, the prejudice must be of a personal character, directed at the litigant, and stem from an extrajudicial source resulting in an opinion on the merits on some basis other than what the judge learned from participation in the case. *Id*. at 929. "A trial judge's opinions of the parties or witnesses that are based on what he or she has seen at trial are not improper and 'generally do[ ] not warrant recusal.'" *Id*. at 933 (quoting *Neuenschwander v. Neuenschwander*, No. E2001-00306-COA-R3-CV, 2001 WL 1613880, at *11 (Tenn. Ct. App. Dec. 18, 2001)).

*In Re: Samuel P.*, 2016 WL 4547543, at *2.

Here, we do not reach review of the trial court's substantive reasons for denying recusal because denial of recusal, regardless of the reason, conflicts with the trial court's 2016 Standing Order. As noted above, in its order denying recusal, the trial court acknowledged its Standing Order but neither specifically nor inferentially lifted, vacated, nor amended that order. Rather, from our review, it appears that Judge Corbin-Johnson interpreted her Standing Order to require Ms. Ashworth to "recuse" herself, or to otherwise refrain from representing clients involved in cases assigned to Judge Corbin-Johnson. For example, Judge Corbin-Johnson's order denying recusal states that "Ms. Ashworth accepted the representation of the Plaintiff **knowing she could not practice before this Court**" (emphasis added). Furthermore, at the hearing on the motion for recusal, Judge Corbin-Johnson made the following statements:

> Because, Ms. [Ashworth] with all due respect, you had a choice. You had a choice whether or not to participate in this case. Ms. [] Ashworth knew that there was a standing order of recusal. Ms. Ashworth had a duty to tell her clients. Dr. Acevedo, I have a standing order of recusal. I would love to represent you, but I cannot handle cases in Division 1. I recommend that you get another lawyer.

> ***

> But Ms. [Ashworth] decided that not only was she going to accept the representation, but then she files a motion to recuse me, knowing that she can't hear [sic] cases in here, and uses the same allegations with one additional allegation to suggest that this court should transfer this case. This court is not going to transfer this case. This court is not going to transfer this case to another judge.

> So the motion to recuse is going to be denied. First, it was not a proper motion to file because there was already a recusal. But even if there was a

- 5 -

basis to file it, this court has determined that the motion was filed for a improper purpose. . . . Again, I want to emphasize this is not a mistake that seasoned lawyers make. Ms. [Ashworth] could have said, I'm sorry, ma'am, I can't handle cases in there. There are a lot of fine lawyers in Tennessee, in Shelby County, that can represent you.

What would it do to our judicial system if a judge has a standing recusal order for certain attorneys, the parties don't like the way that their case is going, they don't like the outcome of the rulings, and they decide that as a strategic—as a strategic tool, they want to go hire an attorney who they know or should know cannot practice or handle cases in that judge's courtroom. What would that do to the integrity of the legal process? It would totally undermine it.[2]

Finally, after entering her order denying recusal, Judge Corbin-Johnson entered several subsequent orders, apparently *sua sponte*. As relevant here, on January 17, 2025, Judge Corbin-Johnson entered an order disqualifying Ms. Ashworth as the attorney of record for Ms. Acevedo. On January 21, 2025, Judge Corbin-Johnson entered an order setting a show-cause hearing to determine whether the documents filed by Ms. Ashworth "violate 11.02(1) and 11.02(3) and whether sanctions will be imposed or not."

From the foregoing, it is clear that Judge Corbin-Johnson read the Standing Order to require Ms. Ashworth to decline clients involved in lawsuits in Judge Corbin-Johnson's court, but that is not what the Standing Order states. As set out in context above, the Standing Order provides that "**[t]he Court**, sua sponte, will not hear any matters involving Julie D. Byrd [Ashworth]," and "**the Court recuses** from all pending and future cases involving Julie D. Byrd [Ashworth]" (emphases added). A trial court speaks through its orders, *Palmer v. Palmer*, 562 S.W.2d 833, 837 (Tenn.Ct.App.1997), and there is no language in the Standing Order requiring Ms. Ashworth to be disqualified as Appellant's attorney. Rather, the Standing Order places the onus on the trial court to recuse itself from matters involving Ms. Ashworth. Consequently, Ms. Ashworth, having filed a notice of appearance in this case, had a reason to file a motion for recusal based solely on the Standing Order. Under the plain language of the Standing Order, the trial court was required to recuse and transfer the case to another judge. As such, the trial court's denial of the motion to recuse was in direct conflict with its previous Standing Order. Of course, the trial court could have lifted, vacated, or amended its Standing Order and then proceeded to address the question of recusal in the context of this case, but it did not do so. As such, the conflict between the two orders remains. Unless and until the conflict is resolved, there is nothing substantive for this Court to review.

---

[2] On January 31, 2025, the trial court entered an amendment to the order denying recusal. The January 31, 2025 order incorporates portions of the record, including this section of the transcript. The January 31, 2025 order does not modify the substantive ruling denying recusal.

Although we are cognizant that review generally is limited to the trial court's order denying a motion to recuse, *Duke*, 398 S.W.3d at 668, in order to place this case in the best posture for remand, we find it necessary to vacate the trial court's orders entered on January 17, 2025 and January 29, 2025. Having determined that the trial court's Standing Order did not require Ms. Ashworth's withdrawal, and that the Standing Order provided a basis for Ms. Ashworth to file the motion for recusal, the January 17, 2025 order is invalid insofar as it requires Ms. Ashworth's withdrawal as Appellant's attorney. The January 29, 2025 order is invalid insofar as it contemplates possible sanctions stemming from Ms. Ashworth's filings in this matter.

## V. Conclusion

For the foregoing reasons, we vacate the trial court's order denying recusal. We also vacate the trial court's orders entered on January 17, 2025 and January 29, 2025. This Court's February 14, 2025 order to stay the trial court's proceedings pending appeal is lifted, and the case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed one-half to Appellant, Diana Sofia Acevedo, and one-half to Appellee, Daniel Jose Sierra. Execution for costs may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE